**[This opinion has been published in *Ohio Official Reports* at 68 Ohio St.3d 531.]**

DOE, APPELLANT, *v*. FIRST UNITED METHODIST CHURCH ET AL., APPELLEES.

[Cite as *Doe v. First United Methodist Church*, 1994-Ohio-531.]

*Statutes of limitations—Cause of action premised upon acts of sexual abuse subject to one-year statute of limitations for assault and battery—Minor who is victim of sexual abuse has one year from date of reaching age of majority to assert any claims against perpetrator, when.*

1.  A cause of action premised upon acts of sexual abuse is subject to the one-year statute of limitations for assault and battery.

2.  A minor who is the victim of sexual abuse has one year from the date he or she reaches the age of majority to assert any claims against the perpetrator arising from the sexual abuse where the victim knows the identity of the perpetrator and is fully aware of the fact that a battery has occurred.

(No. 92-2392—Submitted January 11, 1994—Decided March 30, 1994.)

APPEAL from the Court of Appeals for Lorain County, Nos. 91CA005260 and 92CA005318.

————————————

{¶ 1} On July 12, 1991, John Doe, appellant, filed a complaint in the Court of Common Pleas of Lorain County against Timothy S. Masten, First United Methodist Church ("First United" or "church"), and the Elyria City School District, appellees. The following factual allegations formed the basis for appellant's complaint.

{¶ 2} Appellant attended Elyria High School from 1981 through 1984. During that time, Masten was employed by the school district as a high school choir director. During that same period, Masten was also employed as a musical director at First United. Between 1981 and 1984, Masten allegedly initiated numerous homosexual contacts with appellant, without appellant's consent. The sexual

conduct occurred both at church and at school. Appellant had not yet reached the age of majority during the period of sexual abuse.

{¶ 3} After leaving high school in 1984, appellant began experiencing severe emotional trauma. In September 1989, appellant sought psychological counselling for the emotional difficulties he was experiencing. At that time, appellant was informed that his emotional problems were related to the sexual activity that had allegedly been forced upon him by Masten.

{¶ 4} In his complaint, appellant sought recovery against Masten for battery, negligence, and intentional infliction of emotional distress. Appellant sought recovery against the school district for its alleged negligence in hiring Masten and retaining Masten's services, thereby causing appellant's alleged physical and emotional harm. Appellant sought recovery against First United, claiming that the church had actual or constructive knowledge of Masten's sexual contact with underaged persons in general, and with appellant in particular. Appellant claimed that the church had been negligent and willful in failing to protect appellant from Masten's sexual conduct, thereby causing appellant's alleged physical and emotional harm. Appellant also set forth claims against the church and the school district asserting that these defendants were vicariously liable for the damages caused by Masten's sexual conduct with appellant.

{¶ 5} The school district filed a Civ.R. 12(B)(6) motion to dismiss the complaint, arguing that appellant's claims against the school district were time-barred by the two-year statute of limitations set forth in R.C. 2305.10 and the one-year statute of limitations set forth in R.C. 2305.111. The school district argued that the applicable statute commenced to run at the time the alleged abuse occurred. Since appellant did not commence suit until July 1991, the school district claimed that the applicable statutes of limitations barred the action. Appellant responded to the motion, arguing that his action against the school district was governed by the statute of limitations set forth in R.C. 2305.10, and that the statute commenced to

run in September 1989 when appellant "discovered" the harm resulting from his sexual encounters with Masten.

{¶ 6} On November 4, 1991, the trial court granted the motion and dismissed all claims against the school district. The trial court noted that since appellant was a minor at the time the sexual abuse occurred, the applicable statute of limitations did not begin to run until appellant's eighteenth birthday.[1] For purposes of its decision, the trial court assumed that appellant had reached the age of majority by 1986 at the latest. Because appellant had not pursued his claims against the school district within two years after reaching the age of majority, the trial court found that R.C. 2305.10 barred the action. The trial court held that the discovery rule was not applicable to suspend the running of the statute through September 1989, when appellant discovered the harm caused by his sexual encounters with Masten. In its entry, the trial court specifically determined that there was "no just reason for delay" of an appeal from the dismissal of appellant's action against the school district.

{¶ 7} Appellant appealed to the court of appeals. Meanwhile, appellant's action against Masten and First United proceeded at the trial court level. The following additional facts were revealed in appellant's responses to interrogatories. Appellant was born July 7, 1966. Thus, appellant reached the age of eighteen on July 7, 1984, presumably one or two months after graduating from Elyria High School. Between 1981 and 1984, Masten engaged in sexual conduct with appellant on two hundred to three hundred separate occasions. The incidents of sexual

---

1. The current version of R.C. 2305.16 provides, in part:

"Unless otherwise provided in sections 2305.04 to 2305.14 * * * of the Revised Code, if a person entitled to bring any action mentioned in those sections * * * is, at the time the cause of action accrues, within the age of minority * * *, the person may bring it within the respective times limited by those sections, after the disability is removed. * * *"

The former version of this statute also provided for the tolling of the periods of limitation set forth in R.C. 2305.04 to 2305.14 until the age of majority. In Ohio, a person reaches majority when he or she becomes eighteen years of age. R.C. 3109.01.

activity occurred at school, at First United and at Masten's home. After graduating from high school, appellant became preoccupied with his sexual identity and suffered from depression, guilt and anxiety. In September 1989, appellant sought counselling from Dr. Michael F. Pavlak, a psychologist. A document contained in the record in this case indicates that during appellant's initial consultation with Pavlak, *appellant informed Pavlak* of appellant's prior sexual involvement with Masten.[2]

{¶ 8} On November 25, 1991, Masten filed a motion for summary judgment, arguing that appellant's claims against Masten, all of which arose from Masten's alleged sexual abuse of appellant, were time-barred by the one-year statute of limitations set forth in R.C. 2305.111. Masten urged that the statute began to run on July 7, 1984—the date of appellant's eighteenth birthday. Masten also urged that the discovery rule could not be applied to suspend the running of the statute through September 1989 when appellant discovered the extent of the harm caused by the alleged sexual abuse. On January 10, 1992, First United also filed a motion for summary judgment. First United argued that the claims against the church were time-barred by the two-year statute of limitations set forth in R.C. 2305.10, that the statute commenced to run on appellant's eighteenth birthday, and that the discovery rule did not suspend the running of the applicable statute of limitations.

{¶ 9} By entry dated February 3, 1992, the trial court granted the motions for summary judgment and dismissed the action against Masten and First United. Applying R.C. 2305.10 and 2305.16, the trial court held that appellant was required to file his complaint against Masten and First United within two years after appellant reached the age of majority, *i.e.*, by July 7, 1986. Because appellant had

---

2. This document appears in the printed record filed by appellant for our consideration pursuant to S.Ct.Prac.R. IV(1) but is not part of the original papers transmitted from the trial court. In any event, appellant has invited us to consider this evidence, and appellees have raised no objection to the document.

not pursued his remedies until July 12, 1991, the trial court held that R.C. 2305.10 barred the action.

{¶ 10} Appellant appealed to the court of appeals from the dismissal of his action against Masten and First United. On motion, the appellate court consolidated that appeal with appellant's appeal from the trial court's November 4, 1991 decision dismissing the claims against the school district.

{¶ 11} The court of appeals found that appellant's claims against Masten were governed by the one-year statute of limitations for assault and battery set forth in R.C. 2305.111. Thus, the court of appeals held that even if a discovery rule was applied to suspend the running of the statute until September 1989, appellant's action against Masten (commenced in July 1991) was not timely filed.

{¶ 12} The court of appeals found that appellant's causes of action for negligence against First United and the school district were governed by the two-year statute of limitations set forth in R.C. 2305.10. In determining that appellant's causes of action against these defendants were time-barred, the court of appeals stated, in part:

"Although the offensive conduct at issue occurred repeatedly between 1981 and 1984, all of the applicable statutes of limitations were tolled until Doe's eighteenth birthday on July 7, 1984. R.C. 2305.16. Doe argues that because he did not discover the extent of his psychological injuries until he sought counseling in 1989, his cause of action did not accrue until that time.

"* * *

"This case does not involve any claim that Doe had repressed his memory of these incidents with Masten. When Doe turned eighteen he was fully aware of Masten's prior tortious actions. Although he might not have been aware of the full extent of his injuries at that time, he knew he had in fact been assaulted. Thus, there is no reason to toll the running of the statute of limitations. * * *"

{¶ 13} Accordingly, the court of appeals affirmed the judgments of the trial court.

{¶ 14} The cause is now before this court pursuant to the allowance of a motion to certify the record.

_____

*Dubyak & Goldense Co., L.P.A.*, *Joseph A. Dubyak* and *Paul V. Wolf*, for appellant.

*Thomas P. O'Donnell*, for appellee First United Methodist Church.

*Warhola, O'Toole, Loughman, Alderman & Stumphauzer, Dennis M. O'Toole* and *Daniel D. Mason*, for appellee Elyria City School District.

*Ulmer & Berne*, *Murray K. Lenson* and *Timothy M. Fox*, for appellee Timothy S. Masten.

*Licata & Crosby Co., L.P.A.*, *Louis J. Licata* and *William M. Crosby*, urging reversal for *amicus curiae*, Adult Support for Incest Survivors of Today.

*Hermanies, Major, Castelli & Goodman* and *R. Lanahan Goodman*; and *Andrew P. Krembs*, urging reversal for *amicus curiae*, Ohio Academy of Trial Lawyers.

_____

**DOUGLAS, J.**

{¶ 15} The issue in this appeal is whether the causes of action asserted against Masten, First United and the school district were timely filed pursuant to the applicable statutes of limitations. Given the procedural posture of this case, we must accept the allegations in appellant's complaint to be true at least with respect to the school district, since that defendant was granted a Civ.R. 12(B)(6) motion to dismiss the complaint for failure to state a claim. See *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756, and *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 229, 551 N.E.2d 981, 982. With regard to Masten and First United, the relevant facts must be considered in a

6

light most favorable to appellant, who opposed the motions for summary judgment at the trial court level.  See Civ.R. 56.

I

**{¶ 16}** We begin our discussion by examining which statute of limitations applies to appellant's causes of action against Masten.  Appellant contends, and the trial court apparently agreed, that appellant's action against Masten was an action for bodily injury arising out of negligence and that, therefore, the action was governed by the two-year period of limitations set forth in R.C. 2305.10.  Conversely, Masten contends, and the court of appeals held, that appellant's action against Masten was governed by the R.C. 2305.111 one-year period of limitations for assault and battery.[3]

**{¶ 17}** To determine which of these two statutes applies to appellant's claims against Masten, it is necessary to determine the true nature or subject matter of the acts giving rise to the complaint.  In *Hambleton v R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 183, 12 OBR 246, 249, 465 N.E.2d 1298, 1302, this court stated that "in determining which limitation period will apply, courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded.  The grounds for bringing the action are the determinative factors, the form is immaterial."  Furthermore, in *Love v. Port Clinton* (1988), 37 Ohio St.3d 98, 524 N.E.2d 166, syllabus, a majority of this court held that "[w]here the essential character of an alleged tort is an intentional, offensive touching, the statute of limitations for assault and battery governs even if the touching is pled as an act of negligence."  In *Love*, the court recognized that nearly any assault and battery can be creatively pled as a claim for negligence, but that the form of the pleading

---

3.  R.C. 2305.111 became effective September 26, 1984, after the incidents of sexual abuse, but before appellant filed his complaint in this case.  The one-year statute of limitations for assault and battery was formerly part of R.C. 2305.11.  See 139 Ohio Laws, Part I, 2153.

does not govern the question as to which statute of limitations is to be applied. *Id.* at 99, 524 N.E.2d at 168.

{¶ 18} In his complaint, appellant set forth three separate claims against Masten. Appellant sought recovery on theories of battery, negligence, and intentional infliction of emotional distress. However, all these claims were premised upon Masten's alleged sexual abuse of appellant. Specifically, the claims asserted against Masten were premised upon Masten's having repeatedly initiated and engaged in homosexual contacts with appellant without appellant's consent. Masten's repeated acts of sexual contact with appellant were clearly intentional acts of offensive touching—sexual abuse is not something that occurs by accident. The sexual conduct allegedly forced upon appellant occurred on two hundred to three hundred separate occasions and continued for a three-year period.

{¶ 19} Considering the foregoing, we believe that the essential character of appellant's claims against Masten entailed intentional acts of offensive contact. Therefore, we find that appellant's causes of action against Masten were subject to the one-year period of limitations for assault and battery. *Love*, *supra*, syllabus. The fact that appellant pled negligence and intentional infliction of emotional distress cannot be allowed to mask or change the fundamental nature of appellant's causes of action which are predicated upon acts of sexual battery. As this court has previously recognized:

"'[T]hrough clever pleading or by utilizing another theory of law, the assault and battery cannot be [transformed] into another type of action subject to a longer statute of limitations as it would circumvent the statute of limitations for assault and battery to allow that to be done.'" *Love*, *supra*, 37 Ohio St.3d at 100, 524 N.E.2d at 168, quoting *Grimm v. White* (1980), 70 Ohio App.2d 201, 203, 24 O.O.3d 257, 258, 435 N.E.2d 1140, 1141-1142.

{¶ 20} Accordingly, we hold that a cause of action premised upon acts of sexual abuse is subject to the one-year statute of limitations for assault and battery.

II

{¶ 21} With respect to appellant's claims against the church and the school district for the alleged negligence of these defendants in failing to protect appellant from Masten's sexual behavior, it appears, given appellant's allegation of physical harm, that the applicable statute of limitations is found in R.C. 2305.10, which provides, in part:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

{¶ 22} Appellant also sought to hold the church and the school district vicariously liable for *Masten's conduct*. The statute of limitations that applies to these claims for derivative liability is the same statute that applies to appellant's action against Masten, to wit, the one-year statute of limitations for assault and battery. See, generally, *Grimm*, *supra*, 70 Ohio App.2d at 204, 24 O.O.3d at 258-259, 435 N.E.2d at 1142.

III

{¶ 23} Having identified in Part I which statute of limitations applies to the claims asserted against Masten, and, in Part II, which statute applies to the causes of action against the school district and First United, the next question is *when* the applicable periods of limitation commenced. In this regard, the court of appeals correctly held that pursuant to R.C. 2305.16, neither of the applicable statutes of limitations could have been triggered on any of appellant's claims before appellant reached the age of majority in July 1984. However, the controversy in this appeal is whether application of a discovery rule would toll the statutes of limitations beyond the date of appellant's eighteenth birthday.

{¶ 24} A rule of discovery was first promulgated by this court in the medical malpractice context, but the discovery rule has been generally accepted and applied in a number of areas of the law. See *Browning v. Burt* (1993), 66 Ohio St.3d 544, 558, 613 N.E.2d 993, 1004. See, also, *Shover v. Cordis Corp.* (1991), 61 Ohio

St.3d 213, 223-227, 574 N.E.2d 457, 464-467 (Douglas, J., dissenting). For instance, we have crafted a rule of discovery in medical malpractice cases (see, *e.g.*, *Allenius v. Thomas* [1989], 42 Ohio St.3d 131, 538 N.E.2d 93), legal malpractice cases (see, *e.g.*, *Skidmore & Hall v. Rottman* [1983], 5 Ohio St.3d 210, 5 OBR 453, 450 N.E.2d 684), cases involving bodily injury caused by exposure to asbestos (see *O'Stricker v. Jim Walter Corp.* [1983], 4 Ohio St.3d 84, 4 OBR 335, 447 N.E.2d 727), cases involving DES-related injuries (*Burgess v. Eli Lilly & Co.* [1993], 66 Ohio St.3d 59, 609 N.E.2d 140), and cases involving injuries arising out of the negligence of a hospital in credentialing a physician (*Browning*, *supra*). In *Browning*, 66 Ohio St.3d at 559, 613 N.E.2d at 1005, we were careful to note that, "[b]y its very nature, the discovery rule (concept) must be specially tailored to the particular context in which it is to be applied."

{¶ 25} Given the facts of this case, even if this court were to adopt, now or in the future, a rule of discovery for cases of sexual abuse, the rule would not apply to toll the periods of limitations beyond appellant's eighteenth birthday. Here, the facts clearly establish that at the time appellant reached the age of majority, appellant knew that he had been sexually abused by Masten. Masten allegedly initiated homosexual conduct with appellant on two hundred to three hundred separate occasions without appellant's consent. During the period of sexual abuse, appellant was fourteen to seventeen years of age. Apparently, the last act of sexual battery occurred just months prior to appellant's eighteenth birthday. After graduating from high school, appellant became preoccupied with his sexual identity and suffered from depression, guilt, anger and anxiety. Appellant eventually sought psychological help in September 1989, and told his psychologist of the prior sexual encounters with Masten. At oral argument, counsel for appellant conceded that this is *not* a case involving "repressed memory"—*i.e.*, where the victim of childhood sexual abuse represses memories of the traumatic events only to discover, at some later date, the fact that he or she had been sexually abused.

**{¶ 26}** In July 1984, upon reaching the age of majority, appellant knew that he had been sexually abused, and he knew the identity of the perpetrator. Although appellant may not have discovered the full extent of his psychological injuries until September 1989, the fact that appellant was aware upon reaching the age of majority that he had been sexually abused by Masten was sufficient to trigger the commencement of the statute of limitations for assault and battery. Nothing in law, or in fact, prevented appellant from asserting his claims against Masten during the applicable statutory limitations period. We find that the one-year statute of limitations for appellant's claims against Masten commenced on July 7, 1984, and, thus, appellant's action against Masten (filed on July 12, 1991) was time-barred.[4] We hold that a minor who is the victim of sexual abuse has one year from the date he or she reaches the age of majority to assert any claims against the perpetrator arising from the sexual abuse where the victim knows the identity of the perpetrator and is fully aware of the fact that a battery has occurred.

**{¶ 27}** Since appellant's claims against Masten were barred by the applicable statute of limitations, the claims against the church and the school district for derivative liability based upon Masten's conduct were time-barred as well. See discussion in Part II. However, as we have previously indicated, appellant also asserted independent claims against the church and school district arising from the alleged negligence of these defendants in failing to take some action to protect appellant from Masten's conduct. *Id.* These claims are based upon the church's and the school district's *own acts or omissions* and have nothing to do with any theory of derivative liability. Thus, we recognize that the facts and events which triggered the statute of limitations on appellant's claims for sexual abuse did not necessarily

---

4. Appellant has suggested that applying the discovery rule in this case would dictate that the statute of limitations commenced in September 1989 when appellant discovered the extent of the harm caused by his homosexual encounters with Masten. It should be noted that even if this were true, the one-year period of limitations governing appellant's claims against Masten would have expired before appellant filed the action on July 12, 1991.

trigger the R.C. 2305.10 two-year period of limitations on appellant's independent negligence claims against the church and the school district.  See, generally, *Browning*, *supra*, 66 Ohio St.3d 544, 613 N.E.2d 993.  However, appellant has never claimed or argued that his knowledge of the sexual abuse was insufficient to apprise him of the possibility that the church or the school district had been negligent in failing to protect him from Masten.  Under these circumstances, we are left to assume that the events that triggered the one-year statute of limitations for assault and battery were no different from the events that triggered the two-year statute of limitations that applies to appellant's negligence causes of action against the church and the school district.  Therefore, the two-year period of limitations commenced in July 1984, and appellant's negligence claims against the church and the school district are barred by R.C. 2305.10.

IV

{¶ 28} Courts in other jurisdictions have considered issues concerning the rule of discovery and its application in cases brought by adult survivors of childhood sex abuse.  See, *e.g.*, *Tyson v. Tyson* (1986), 107 Wash.2d 72, 727 P.2d 226 (discovery rule not applied); *E.W. v. D.C.H.* (1988), 231 Mont. 481, 754 P.2d 817 (discovery rule not applied to toll the statute of limitations where victim of sexual molestation as a child knew of the sexual abuse upon reaching the age of majority); *Osland v. Osland* (N.D.1989), 442 N.W.2d 907 (discovery rule applied in case of childhood sex abuse); *Meiers-Post v. Schafer* (1988), 170 Mich.App. 174, 427 N.W.2d 606 (statute of limitation tolled by legal disability in cases where the child-victim of an illicit sexual relationship represses memory of the events); *Hammer v. Hammer* (App.1987), 142 Wis.2d 257, 418 N.W.2d 23 (discovery rule applicable where victim of incest from the age of five through fifteen may not have appreciated the wrongfulness of her father's conduct); *Doe v. LaBrosse* (R.I.1991), 588 A.2d 605 (discovery rule may be applicable where victims of incest from a very early age may not have discovered the causal relationship between the sexual

abuse and the injuries they suffered as adults); and *Peterson v. Bruen* (1990), 106 Nev. 271, 792 P.2d 18 (no statute of limitations controls in cases involving childhood sexual abuse where it is shown by clear and convincing evidence that the plaintiff was sexually abused by the defendant). See, also, *Doe v. R.D.* (1992), 308 S.C. 139, 417 S.E.2d 541; *Lovelace v. Keohane* (Okla. 1992), 831 P.2d 624; *Callahan v. State* (Iowa 1990), 464 N.W.2d 268; *Daly v. Derrick* (1991), (deleted from official publication at 230 Cal.App.3d 1349) 281 Cal.Rptr. 709; *Evans v. Eckelman* (1990), 216 Cal.App.3d 1609, 265 Cal.Rptr. 605; *Jones v. Jones* (1990), 242 N.J.Super. 195, 576 A.2d 316; *Franke v. Geyer* (1991), 209 Ill.App.3d 1009, 568 N.E.2d 931; *Hewczuk v. Sambor* (E.D.Pa. 1992), 803 F.Supp. 1063; and *Johnson v. Johnson* (N.D. Ill. 1988), 701 F.Supp. 1363.[5]

**{¶ 29}** Some of the cases wherein the discovery rule has been applied to toll the statute of limitations for claims of childhood sex abuse involve issues of repressed memory or psychological disability that precluded the victim from asserting the claim during the applicable statutory limitations period. For example, in *Osland*, *supra*, 442 N.W.2d 907, the North Dakota Supreme Court applied a rule of discovery to toll the applicable statute of limitations in a case brought by a twenty-two-year-old plaintiff seeking recovery against her father for incestuous sexual abuse that occurred when the plaintiff was between the ages of ten and fifteen. In *Osland*, the court recognized that the plaintiff had suffered from severe emotional trauma which prevented her from being able to "fully understand or discover her cause of action during the applicable statutory limitations period." *Id.* at 909.[6]

---

5. Several states have amended their laws to specifically establish a rule of discovery for civil claims of childhood sexual abuse. See, *e.g.*, Alaska Stat. 09.10.140(b); Cal.Civ.Proc.Code 340.1; Minn.Stat.Ann. 541.073; Mont.Code Ann. 27-2-216; and Wash.Rev. Code Ann. 4.16.340. See, also, *Doe v. R.D.*, *supra*, 308 S.C. 139, 417 S.E.2d 541.
6. The court in *Osland* apparently accepted the proposition that an action for sexual abuse is an action governed by the statute of limitations for assault and battery.

**{¶ 30}** Unlike *Osland* and a number of the cases we have considered in reaching the conclusions we reach here today, the case at bar does not involve any impediment which might have precluded appellant from asserting his claims in a timely fashion. Here, appellant knew of Masten's tortious conduct at the time it occurred and this knowledge continued undiminished throughout the applicable statutory limitations period. This is *not* a case involving the sexual abuse of a child of tender years. This is *not* a case involving incest. This is *not* a case involving repressed memory or psychological disability. At some future date, on facts different from those presented in the case at bar, this court may very well consider whether to apply a rule of discovery to toll an applicable statute of limitations in a case involving childhood sexual abuse. However, the facts of this case do not require or permit us to reach that question.

V

**{¶ 31}** For the reasons set forth herein, we affirm the judgment of the court of appeals.[7]

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

———————————

7. Appellant has raised a number of constitutional issues in support of his argument that the discovery rule should be applied to toll the statute of limitations until appellant discovered the extent of his injuries and the causal connection between those injuries and the alleged sexual abuse. However, appellant failed to raise these issues at the trial court level and, thus, the court of appeals refused to consider appellant's arguments. We find no abuse of discretion in this regard. Moreover, nothing prohibited appellant from asserting his claims within the period provided by the applicable statutes of limitations, thereby preserving the constitutional rights in question.