OPINION
Plaintiff-appellant Caliope Makris appealed from the decision of the Mahoning County Common Pleas Court which granted summary judgment in favor of defendant-appellees. For the following reasons, the judgment of the trial court is reversed and this cause is remanded.
Appellant was a member of Scandinavian Health Spa, Inc. On March 1, 1994, she started the first of two free trial sessions with personal trainer Jeanette Estromirez. While utilizing a leg press machine, appellant felt pressure on her shoulders. Suddenly, a sharp pain started in her neck and radiated down her arm. When appellant told Ms. Estromirez that the repetitions hurt, Ms. Estromirez responded that it was because her upper body was weak. The second trial session was on March 3 when appellant again experienced sharp neck pain during her use of the leg press machine. As a result, she visited a doctor on March 4. There is no evidence that this physician gave appellant any indication of her problem.
At the end of April, appellant signed a contract for ten sessions with Ms. Estromirez, the first of which took place on April 29. During each of the ten sessions, appellant used the leg press machine. On May 11, 1994, appellant's neck pain was so intense and constant that she returned to her doctor who now opined that she may have multiple sclerosis. Because appellant was leaving on a three month trip to Greece, she declined testing until she returned. While in Greece, she began dropping things and her legs often buckled. Upon her return from Greece, she went to various chiropractors and surgeons.
In November 1994, an MRI revealed that appellant had three herniated cervical disks. In August 1995, a former employee of Scandinavian, Brian Ivory, called appellant to inquire about some items that she had borrowed from him years earlier. When appellant informed Mr. Ivory about her physical problems, he told appellant that the slipped disks were probably caused by the leg press machine and that Ms. Estromirez should have never allowed appellant to use the machine. Thereafter, around October 1995, appellant hired an attorney.
On April 23, 1996, appellant filed a personal injury suit against Ms. Estromirez, Scandinavian, and Bally's Total Fitness Corp., hereinafter appellees. Appellant alleged that appellees rendered negligent training, monitoring, instruction, supervision, and advice "[o]n or about April 22, 1994 to May 10, 1994." When appellees discovered during a deposition that appellant had first felt pain on March 1 and 3 of 1994, they amended their answer to include a statute of limitations defense. Then, appellees filed a motion for summary judgment alleging that the suit was not filed within the two year statute of limitations for bodily injury.
Before the court could rule on this motion, appellant voluntarily dismissed her suit without prejudice on January 6, 1998. Within the month, appellant refiled her complaint. Once again, appellees filed for summary judgment. On September 25, 1998, the trial court granted summary judgment, holding that the injury occurred on March 3, 1994 at the latest, so the suit was not timely filed. The within timely appeal resulted.
Appellant's sole assignment of error provides:
 "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT AND FINDING THAT THE PLAINTIFF'S CLAIMS WERE BARRED BY THE STATUTE OF LIMITATIONS."
Appellant argues that the pain she experienced in March of 1994 was not as intense or as constant as the pain that she experienced in May. She argues that the earliest time that the statute of limitations should begin running is May 1994. In the alternative, appellant suggests that the statute should be tolled until November 1994 when she found out that she had herniated cervical disks or until August 1995 when Mr. Ivory told her that the leg press may have caused the herniated disks. Appellant asks this court to reverse summary judgment because reasonable minds could find that the injury occurred in May and that she could not have reasonably discovered the cause of her injury immediately upon the first occurrence of pain in March.
Appellees argue that appellant's deposition testimony makes it clear that she was immediately aware of the sudden onset of pain on March 1, 1994, the first time she used the leg press. She then used the leg press again on March 3 and felt the same pain. The next day she sought medical attention. Appellees contend that just because she did not know the full extent of her injury does not mean that the discovery rule should toll the statute of limitations.
Pursuant to R.C. 2305.10(A), an action for bodily injury shall be brought within two years after the cause of action accrues. A cause of action accrues under this division when the injury occurs. This is the general rule. Collins v. Sotka (1998),81 Ohio St.3d 506, 507. Exceptions have been found to exist in cases where the injury or its cause does not immediately manifest itself. These exceptions constitute the discovery rule which states that the statute of limitations starts when the injured party discovers, or in the exercise of reasonable diligence should have discovered, that she was injured by the wrongful conduct of another. Id. The discovery rule was originally recognized by the Supreme Court of Ohio in medical malpractice claims but has been generally accepted and applied in many other areas. Browning v. Burt (1993), 66 Ohio St.3d 544, 558, citingO'Stricker v. Jim Walter Corp. (1983), 4 Ohio St.3d 84. In fact the court has stated, "a discovery applies to the R.C. 2305.12
general statute of limitations for bodily injury actions." Id. at 559.
The reason for a two-pronged, injury and cause, discovery rule is that "statutes of limitations should not bar claimants before they have a reasonable basis for believing they have a claim."Collins, supra at 509 (holding that the statute of limitations for wrongful death does not begin running until the decedent's estate should have discovered that it was the wrongful act of the defendant that caused the decedent's death). Before a statute of limitations begins to run, not only must the plaintiff discover that they have an injury, but the plaintiff must also discover with reasonable diligence that the defendant's wrongful conduct caused that injury. See Doe v. First United Methodist Church
(1994), 68 Ohio St.3d 531, 538 (stating that the statute of limitations is not tolled if the plaintiff knows he is injured and knows the identity of the person who injured him even if the full extent of his injury is not discovered).
As we review the trial court's entry of summary judgment, we view the evidence in the light most favorable to appellant, the nonmoving party. Civ.R. 56(C). Appellant felt sharp pain in her neck and arm on March 1 and 3, 1994 while being trained by Ms. Estromirez at Scandinavian. She thought that she may have pulled a muscle while using the leg press machine. She used reasonable diligence to attempt to have this pain diagnosed. However, it appears that her physician was unable to formulate a definitive diagnosis. On April 22, 1994, appellant enrolled in ten personal training sessions with Ms. Estromirez. The ten sessions started on April 29, 1994. The leg press machine was used during all of these sessions. Then, on May 11, appellant returned to her physician complaining of constant and intense pain. Appellant filed her complaint on April 23, 1996.
On March 1 and 3, the dates that appellees argue started the statute of limitations running, appellant felt some pain but Ms. Estromirez told her that the pain was due to appellant's weak upper body. Ms. Estromirez told her that it would get better as appellant got stronger. There is no evidence that appellant should have discovered, by March 3, 1994, that her neck pain was an actual injury that was caused by the leg press machine. Cf.Holmes v. Community College of Cuyahoga Cty. (1994), 97 Ohio App.3d 678
(where the limitations started running when appellant began reporting heart problems to her doctors and not when a doctor diagnosed the cause as a past electric shock because the evidence established that the plaintiff knew immediately after her electrocution that the shock could cause heart problems).
Appellees' motion for summary judgment solely relies on the deposition testimony of appellant. After reviewing the transcript of this testimony it does not appear that reasonable minds could only find that appellant should have known in March that the leg press machine caused an injury. Although pain manifested itself, there is no evidence that a reasonable person would have discovered that a wrongful act may have occurred. Thus, appellees failed to meet their initial burden of identifying parts of the record which show that there exists no genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 296. Furthermore, it is undisputed that the allegedly negligent conduct of appellees occurred ten more times starting on April 29, 1994. Thus, we must hold that reasonable minds could find that appellant's April 24, 1996 complaint was timely filed. Accordingly, appellant's assignment of error is sustained.
For the foregoing reasons, the decision of the trial court granting summary judgment is reversed and this cause is remanded to the trial court for further proceedings consistent with this court's opinion and according to law.
Cox, P.J., concurs.
Donofrio, J., concurs.
APPROVED:
 ______________________________ JOSEPH J. VUKOVICH, JUDGE