OPINION
Plaintiff Samuel J. Musgrave appeals a judgment of the Court of Common Pleas of Knox County, Ohio, entered in favor of defendants John Johnson and Rick Mayhew, dismissing his complaint for legal malpractice. Appellant assigns two errors to the trial court:
ASSIGNMENT OF ERRORS
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING DEFENDANTS' MOTION TO DISMISS FINDING THEM IMMUNE FROM SUIT PURSUANT TO R.C. 2744.03 (A)(6).
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DECIDING THE ISSUE OF IMMUNITY UNDER R.C. 2744.03 (A)(6) PRIOR TO APPELLANT HAVING THE RIGHT UNDER CIV. R. 56 TO CONDUCT DISCOVERY.
Appellees served as appellant's court-appointed public defenders in a criminal action against him. Appellant was convicted and sentenced. Appellant then brought the within action, for legal malpractice, alleging appellees breached a duty to represent him zealously and to insure a fair trial by failing to file a motion for change of venue. Appellants' complaint alleged failure to file a motion for a change of venue was negligent because it is standard practice to file for a change of venue when publicity about an accused presents a reasonable likelihood of prejudice at trial. Appellant alleged his conviction was due to the negligent representation. Appellees filed a motion to dismiss the action based upon R.C. 2744.03, which grants them immunity as Knox County Public Defenders. I R.C. 2744.03 states in pertinent part: (A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by an act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish non-liability:
 (3) the political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.
 (6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or section 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:
 (A) His acts or omissions were manifestly outside the scope of his employment or official responsibilities; (B) his actions or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; (C) Liability is expressly imposed upon the employee by a section of the Revised Code.
Appellant argues appellees' acts and omissions were outside the scope of their employment or official responsibilities because he was charged with murder in a rural community where nearly every juror knew the prosecution's version of the case because of pre-trial publicity. Appellant also urges the failure to file for a change of venue was inexcusable callous neglect, and at the very minimum wanton misconduct. Appellees point out appellant had not alleged any set of acts, which if proven, would entitle him to defeat appellees' immunity and prevail in his claim against appellees. Appellees also urge the decision of whether or not to file a motion for change of venue is not manifestly outside the scope of appellees' employment, but rather, exactly the sort of decision defense counsel makes as part of his employment. Civ.R. 12(B)(6) permits a court to dismiss an action if it finds the complaint fails to state a claim upon which relief can be granted. On review, we must accept the allegations in the complaint as true, and view all relevant facts in the light most favorable to the plaintiff, see Doe v. First United Methodist Church (1994),68 Ohio St.3d 531. The motion to dismiss may be sustained only when the party opposing the motion is unable to prove any set of facts that would entitle him to relief, see State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77. We have reviewed the complaint, and we find the trial court did not err in concluding appellant had failed to state a claim upon which relief could be granted. Accordingly, we overrule the first assignment of error.
 II
Next, appellant argues the motion to dismiss was unprocedural [sic] and untimely. Appellant maintains appellees should have filed an answer, rather than a pre-answer pleading, and then raised the immunity defense in a motion for summary judgment after the parties completed discovery. We disagree. As appellees point, immunity is an affirmative defense which may be presented by way of a Civil Rule 12(B)(6) motion to dismiss. Further, a motion to dismiss for failure to state a claim focuses solely on the pleadings and facts outside the pleading may not be considered, see Lindow v. North Royalton (1995), 104 Ohio App.3d 152. Appellees also point out appellant did not raise these argument before the trial court, and should not be permitted to argue the need for additional time for discovery for the first time before this court. Appellees also point out appellant has failed to indicate how he believes discovery would have assisted him in challenging their statutory immunity defense. We find the trial court correctly sustained appellees' motion to dismiss.
The second assignment of error is overruled. For the foregoing reasons, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed.
By: Gwin, J., Wise, P.J., and Reader, J., concur.