DECISION AND JUDGMENT ENTRY
{¶ 1} The Scioto County Court of Common Pleas granted Dr. Amir Malhotra's motion for summary judgment after Kimberly A. Patrick and her husband, Matthew Patrick, failed to respond to Dr. Malhotra's motion. The Patricks appeal, asserting that the trial court erred by granting Dr. Malhotra's summary judgment motion without a hearing on the matter and without giving the Patricks fourteen days notice of the date the court would decide the motion as required by Civ.R. 56(C). Because the trial court's local rules clearly establish that materials opposing a summary judgment motion must be filed within twenty-eight days when no oral hearing is requested, and because Dr. Malhotra did not request a hearing and the Patricks failed to respond within twenty-eight days, we disagree. Accordingly, we overrule the Patricks' sole assignment of error and affirm the judgment of the trial court.
 I.
{¶ 2} The Patricks filed a medical malpractice claim against Dr. Malhotra. On January 22, 2002, Dr. Malhotra filed a motion for summary judgment. Dr. Malhotra did not request an oral or a non-oral hearing in conjunction with his motion for summary judgment.
{¶ 3} The Patricks filed a notice of taking deposition on February 7, 2002, and filed their deposition of Dr. Malhotra on March 5, 2002. However, the Patricks never filed a motion in opposition to Dr. Malhotra's motion for summary judgment.
{¶ 4} On March 22, 2002, the trial court filed a judgment entry granting summary judgment in favor of Dr. Malhotra. In its entry, the trial court noted that the Patricks failed to respond to Dr. Malhotra's motion for summary judgment.
{¶ 5} The Patricks appeal, asserting the following single assignment of error: "The trial court erred when it granted a motion for summary judgment without scheduling the matter for any type of hearing as required by Civil Rule 56."
 II.
{¶ 6} The Patricks contend that the trial court erred by granting Dr. Malhotra's summary judgment motion without a hearing on the matter and without giving the Patricks fourteen days notice of the date the court would decide the motion as required by Civ.R. 56(C). Dr. Malhotra argues that Local R. V(D) automatically gives notice of the non-oral hearing date twenty-eight days from the date the summary judgment motion is filed and served. Thus, he contends that the trial court did not err in granting the motion when more than twenty-eight days had passed from the time he served the motion and the Patricks failed to respond.
{¶ 7} Civ.R. 56(A) provides that summary judgment is appropriate only when the moving party establishes that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party.Bostic v. Connor (1988), 37 Ohio St.3d 144, 146; Morehead v. Conley
(1991), 75 Ohio App.3d 409, 411. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First United Methodist Church
(1994), 68 Ohio St.3d 531, 535. Interpretation of court rules presents us with a legal question, which we independently analyze without deference to the trial court's decision. Mosley v. Stevenson (Apr. 30, 1993), Scioto App. No. 92CA2079, unreported.
{¶ 8} A notice of filing deadlines for summary judgment materials need not be given by the trial court if a local rule exists that provides the non-moving party with notice of the deadlines for filing a written response and any evidence in support of such a response to a motion for summary judgment. Cowen v. Lucas (Jun. 30, 1997), Scioto App. No. 96CA2456. See, also, Hall v. Klien (Sept. 3, 1999), Wood App. No. WD-99-001; Chestnut Ridge Dev. Co. v. The Ohio Bar Title Ins. Co. (Jan. 31, 1996), Lorain App. No. 95CA006129.
{¶ 9} The Scioto County Court of Common Pleas has adopted local rules automatically setting forth the time in which all evidentiary material in opposition to the motion must be filed. Local Rule V(A)(2) provides that "[m]otions, including motions for summary judgment, shall be submitted and determined upon the motion papers hereinafter referred to without oral argument unless specifically requested and allowed by the court." Rule V(D)(3) states that "if no oral hearing has been scheduled the opposition package shall be served within 28 days after the service of the motion package." Further, Rule V(D)(4)provides that "the failure to serve an opposition package in accordance with this subsection (D) may be construed by the court as an admission that the motion should be granted."
{¶ 10} The Patricks contend that Scioto County's local rules are ambiguous, because in 1994 the court entered an order which states in part "[a]ll rules heretofore promulgated are hereby repealed." However, this statement is contained in an order clearly labeled "JURY USE AND MANAGEMENT PLAN." A reading of the entire document reveals that the court's intent, even as acknowledged by the Patricks, was to replace its rules regarding juries. Furthermore, we decided Cowen long after the 1994 order. As we determined in Cowen, the Scioto County Court of Common Pleas' Local Rules clearly state that materials opposing a summary judgment motion must be filed within twenty-eight days when no oral hearing is requested. Cowen, supra, citing Mosley v. Stevenson (Apr. 30, 1993), Scioto App. No. 92CA2079.
{¶ 11} Because the trial court's local rules establish a clear timeline that the Patricks failed to follow, the trial court was not under a duty to set a non-oral hearing date. The court properly could rule on the motion at any time after the time for filing opposing materials had passed.
{¶ 12} In this case, Dr. Malhotra did not request an oral hearing and the Patricks failed to respond to Dr. Malhotra's motion for summary judgment. More than twenty-eight days passed before the trial court granted Dr. Malhotra's motion. Thus, we conclude that the trial court did not err in granting summary judgment in favor of Dr. Malhotra. Accordingly, we overrule the Patricks' only assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Abele, P.J. Harsha, J. Concur in Judgment and Opinion.