DECISION AND JUDGMENT ENTRY
{¶ 1} Jill and William Byers appeal the decision of the Ross County Court of Common Pleas granting summary judgment to Richard W. Coppel. Because no genuine issue of material fact exists as to whether Coppel's substitution of materials in constructing the Byers' home was either approved by the Byers or was a substitution of equal or greater value, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} In 1996, the Byers filed a complaint against Coppel alleging that Coppel breached their contract for construction of a home and violated the Ohio Consumeer Sales Practices Act ("CSPA"). In particular, the Byers alleged that Coppel's "intentional substitution of inferior materials than that called for by the contract and intentionally deviating from the drawings, plans and specifications in the construction of the residence dwelling constitute deceptive and unconscionable actions in violation of the [CSPA]." Coppel filed a counterclaim alleging partial non-payment.
 {¶ 3} At the jury trial, the trial court granted a directed verdict to Coppel on the CSPA claim, finding that the CSPA does not apply to the construction of a new home. The jury returned a verdict in favor of Coppel on the breach of contract claim and on Coppel's counterclaim. The jury answered the following interrogatories in the negative: "(1) Do you find by a preponderance of the evidence that [Coppel] breached his contract with [the Byers]? (2) Do you find by a preponderance of the evidence that [Coppel] substituted materials other than those provided for in the parties['] agreement during his construction of the home thereby causing [the Byers] damage?"
 {¶ 4} The Byers appealed the trial court's decision in Byers v.Coppel, Ross App. No. 01CA2586, 2001-Ohio-2392. We affirmed the trial court's judgment with respect to the breach of contract claim and Coppel's counterclaim. However, we reversed the directed verdict on the CSPA claim, because the CSPA does apply to the construction of a new home.
 {¶ 5} On remand, Coppel filed a motion for summary judgment, asserting that the Byers' CSPA claim rests upon the same factual basis as their breach of contract claim, and that relitigation of those issues would be contrary to the doctrine of res judicata. The trial court agreed, and granted summary judgment in Coppel's favor. The Byers appeal, asserting the following assignment of error: "The trial court erred in granting summary judgment to [Coppel]."
 II. {¶ 6} The Byers assert that the trial court erred in granting summary judgment to Coppel. Summary judgment is appropriate only when it has been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(A). See Bostic v. Connor (1988), 37 Ohio St.3d 144, 146;Morehead v. Conley (1991), 75 Ohio App.3d 409, 411. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First UnitedMethodist Church (1994), 68 Ohio St.3d 531, 535.
 {¶ 7} In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail. Morehead, 75 Ohio App.3d at 411-12. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. See, also, Schwartz v. Bank-One,Portsmouth, N.A. (1992), 84 Ohio App.3d 806, 809.
 {¶ 8} In his motion for summary judgment, Coppel asserted that no genuine issue of material fact exists and that the Byers cannot prevail under any theory because a jury already determined that he did not breach the contract and did not cause damage to the Byers by substituting materials other than those provided in the contract. The Byers assert that determination of their CSPA claim requires resolution of different factual issues than those already decided by the jury.
 {¶ 9} The parties agree that "a fact or point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies whether the cause of action in the two actions be identical or different." Fort Frye Teachers Assn. v. State Employment Relations Bd.
(1998), 81 Ohio St.3d 392, 395, citing Norwood v. McDonald (1943),142 Ohio St. 299, paragraph three of the syllabus. "If the same evidence would sustain both issues, then the two issues are the same for purposes of applying collateral estoppel." Fort Frye at 396, citing Norwood at paragraph four of the syllabus. The parties disagree regarding whether the same evidence would sustain both issues in this case.
 {¶ 10} The CSPA prohibits unfair or deceptive acts. R.C. 1345.02(A). However, the CSPA provides that a supplier may use "similar merchandise of equal or greater value as a good faith substitute." R.C. 1345.02(B)(5).
 {¶ 11} In this case, the Byers alleged in their complaint that Coppel committed an unfair or deceptive act by substituting inferior materials when he constructed their house. The Byers admit that the jury answered "no" to the interrogatory that asked, "Do you find by a preponderance of the evidence that [Coppel] substituted materials other than those provided for in the parties agreement during his construction of the home thereby causing the [Byers] damage?" However, the Byers contend that because the interrogatory is a compound question, the possibility remains that the jury believed either that Coppel substituted materials or that Coppel caused damage. The Byers further contend that a positive finding regarding either one of these factual issues could sustain a CSPA claim.
 {¶ 12} While we recognize that the jury's answer to the interrogatory could be interpreted as the Byers suggest, we nonetheless agree with the trial court that in any event, the jury's verdict necessarily precludes a finding that Coppel violated the CSPA. If the jury answered the interrogatory in the negative because it found that Coppel substituted materials but did not cause damage, then it implicitly found that the substitution was with materials of an equal or greater value, which is permissible pursuant to R.C. 1345.02(B)(5). Alternatively, if the jury answered the interrogatory in the negative because it found that Coppel did not substitute materials, but that the materials used caused damage, then it implicitly found that the Byers agreed upon the materials actually used, and therefore that Coppel did not deceive them. Finally, if the jury answered the interrogatory in the negative because it found that Coppel did not substitute materials or cause damage, then Coppel did not commit an unfair or deceptive act.
 {¶ 13} In conclusion, we find that the jury determined the factual issues raised by the Byers in their CSPA claim when it considered the Byers' breach of contract claim against Coppel. Therefore, the trial court did not err in entering summary judgment in favor of Coppel. Accordingly, we overrule the Byers' only assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Evans, P.J. and Abele, J.: Concur in Judgment and Opinion.