ACCELERATED JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas and the briefs of counsel. Plaintiff Nicole Pagano brought this suit against the estate of her grandfather, alleging he had sexually abused her as a four-year-old. Pagano informed her parents at the time the abuse occurred and the parents took her to a pediatrician for medical treatment. They even consulted with their minister and other family members about the abuse. But rather than seek civil or criminal sanctions, they cut off contact with the grandfather. Pagano then claimed to have repressed her memory of the abuse. After Pagano turned twenty-one years old, she saw her grandfather and claimed to recall her memory of abuse. She filed suit and her grandfather's estate (he died before the case had been decided) filed a motion for summary judgment on statute of limitations grounds under R.C. 2305.16. The court granted the motion, finding that Pagano knew that abuse had occurred, but waited more than two years after her eighteenth birthday to file her complaint.
 {¶ 2} The issue in this appeal is whether the statute of limitations should be tolled for Pagano because, even though she informed her parents of the abuse at the time it occurred, she claims to have repressed the memory of abuse until after her twenty-first birthday, thus causing her to file her civil complaint outside the statute of limitations. We find the court did not err on authority of Doe v. Archdiocese of Cincinnati,
___ Ohio St.3d ___, 2006-Ohio-2625, in which the syllabus states:
 {¶ 3} "A minor who is the victim of sexual abuse has two years from the date he or she reaches the age of majority to assert any claims against the employer of the perpetrator arising from the sexual abuse when at the time of the abuse, the victim knows the identity of the perpetrator, the employer of the perpetrator, and that a battery has occurred. (Doe v. FirstUnited Methodist Church (1994), 68 Ohio St.3d 531,1994-Ohio-531, 629 N.E.2d 402, paragraph two of the syllabus, followed.)"
 {¶ 4} Pagano's claim that the statute of limitations should be tolled due to her repressing the memory of abuse is unavailing. In Ault v. Jasko (1994), 70 Ohio St.3d 114,1994-Ohio-376, paragraph two of the syllabus states that "[t]he one-year statute of limitations period for sexual abuse in Ohio begins to run when the victim recalls or otherwise discovers that he or she was sexually abused, or when, through the exercise ofreasonable diligence, the victim should have discovered thesexual abuse." (Emphasis added.)
 {¶ 5} There is no doubt that Pagano and her parents knew that the alleged sexual abuse had occurred. By her own admission, Pagano admitted that she knew her parents took steps to stop the abuse at the time it occurred. In the process, they severed all ties with the grandfather. Importantly, the parents were at one time a party to this case, albeit derivatively, for loss of consortium.
 {¶ 6} With these undisputed facts, we find the court did not err by finding that Pagano, through the exercise of reasonable diligence, could have or should have discovered the abuse independent of any repressed memory.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., concurs.
 Gallagher, P.J., Dissents with Separate Opinion.
 DISSENTING OPINION