{¶ 7} I respectfully dissent from the majority decision to affirm the trial court's granting of the defendant's motion for summary judgment. I would find, under these unique facts, the discovery rule is applicable and the statute of limitations was tolled because of Pagano's repressed memory syndrome.
 {¶ 8} As the majority notes, there is no question that at the age of four, Pagano informed her parents of the abuse. Although she went to counseling for a number of years, the specific records of that treatment are not part of this record and we have no definitive information regarding whether she was aware of the specific abuse or the identity of the perpetrator during that period. When she initially reported the incidents at the age of four, her parents and the professionals they consulted failed to take legal action. Pagano's parents took steps to keep her away from her grandfather, and she claims her memory was repressed. Her memory was then rekindled upon seeing her grandfather again when she was twenty-one years old.
 {¶ 9} The victim in Doe v. Archdiocese of Cincinnati,109 Ohio St.3d 491, 2006-Ohio-2625, was between the ages of twelve and fifteen at the time of the abuse, and he did not allege that he had repressed his memory of the alleged abuse. Here, Pagano was four years old and has alleged repressed memory. In both Doev. Archdiocese of Cincinnati, supra, and Doe v. First UnitedMethodist Church, 68 Ohio St.3d 531, 1994-Ohio-531, the court noted that "* * * plaintiff knew the identity of the perpetrator and was fully aware that a battery had occurred at the time of the abuse." (Emphasis added.) Asserting that a four-year-old victim was fully aware that a battery had occurred under these facts is questionable.
 {¶ 10} Although appellee takes issue with the fact that Pagano did report the incident when she was four years old, the act of informing an adult by no means establishes that a child of tender years fully understands that she has been sexually abused or that her memory could not be repressed. This is particularly so when, as here, the parents shield the victim from what happened.
 {¶ 11} Pagano's expert, Dr. Daniel Brown, testified that Pagano did not reasonably know, nor could she have known, that she had been sexually abused. Other jurisdictions have found the discovery rule is applicable when the victim of sexual abuse may not have appreciated the wrongfulness of the conduct. See, e.g.,Hammer v. Hammer (WI App. 1987), 418 N.W.2d 23.
 {¶ 12} The Ohio Supreme Court has held that the discovery rule applies to toll the statue of limitations when a victim of childhood sexual abuse represses memories of that abuse until a later time. Ault v. Jasko, 770 Ohio St.3d 114, 117,1994-Ohio-376. There was evidence in this case that Pagano's memory of the abuse was repressed, and there is at least a material issue of fact as to when she later recalled the abuse. Accordingly, I would reverse the decision of the trial court and remand the case for further proceedings.