[Cite as *Quality Car & Truck Leasing, Inc. v. Sark*, 2013-Ohio-44.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

Quality Car & Truck Leasing, Inc.,    :
            :
  Plaintiff-Appellee,      :
            :    Case No. 12CA5
  v.           :
            :    DECISION AND
Michael L. Sark, et al,      :    JUDGMENT ENTRY
            :
  Defendants-Appellants.    :    Filed: January 7, 2013
_____

APPEARANCES:

John R. Haas, RUGGIERO & HAAS, Portsmouth, Ohio, for Appellants.

Chadwick K. Sayre, George L. Davis, III, and George L. Davis, IV, Portsmouth, Ohio, for Appellee.
_____

Kline, J.:

{¶1}  Michael Sark, Sr. (hereinafter "Michael Senior"), Paula Sark (hereinafter "Paula"), and Michael Sark, Jr. (hereinafter "Michael Junior")[1] appeal the judgment of the Lawrence County Court of Common Pleas. The trial court granted Quality Car & Truck Leasing, Inc.'s (hereinafter "Quality Leasing") motion for summary judgment. Michael Senior and Paula sold their residence to Michael Junior for one dollar, and the trial court determined that the transfer constituted a fraudulent conveyance under R.C. 1336.04(A)(2)(a). The Sarks contend that there are genuine issues of material fact regarding whether the transfer constituted a fraudulent conveyance. Because there are

_____

[1] We will refer to Michael Senior, Paula, and Michael Junior collectively as the "Sarks."

no genuine issues of material fact, we disagree.  Accordingly, we affirm the judgment of the trial court.

I.

{¶2}    Michael Senior operates a logging business as a sole proprietorship.  On several occasions, Michael Senior borrowed money from Quality Leasing to acquire equipment for the business.  (Although Paula's involvement in the logging business is unclear, both Michael Senior and Paula signed various loan agreements with Quality Leasing.)  Around 2007, the business encountered financial difficulties.  Michael Senior was unable to pay his creditors, including Quality Leasing.

{¶3}    Eventually, Michael Senior and Paula filed for Chapter 13 bankruptcy. The Chapter 13 bankruptcy was converted to a Chapter 12 bankruptcy in order to make the bankruptcy-plan payments more manageable.  Michael Senior and Paula, however, were unable to make the payments required by their Chapter 12 bankruptcy plan, and they moved to dismiss their bankruptcy case on October 31, 2008.

{¶4}    In December 2008, Michael Senior and Paula conveyed title to their residence (hereinafter the "Property") to Michael Junior.  (Michael Senior and Paula acquired the Property as a gift, and they have lived there since 1999.)  According to Michael Senior and Paula's bankruptcy filings, the value of the Property is $203,500. Michael Junior, however, paid Michael Senior and Paula one dollar for the Property. (Michael Senior and Paula continued to reside at the Property following the transfer.)

{¶5}    In January 2009, Quality Leasing filed a complaint for damages against Michael Senior and Paula in the Scioto County Court of Common Pleas.  The basis for the complaint was the debts Michael Senior and Paula owed to Quality Leasing.  In

March 2009, Quality Leasing received a judgment in its favor against Michael Senior and Paula for $150,481.85.

{¶6}    Quality Leasing then filed the claim that is the subject of this appeal. Quality Leasing sought to set aside the transfer of the Property to Michael Junior as a fraudulent conveyance. Eventually, Quality Leasing moved for summary judgment, which the trial court granted. The court found that Michael Senior and Paula's transfer of the Property to Michael Junior constituted a fraudulent conveyance under R.C. 1336.04(A)(2)(a).

{¶7}    The Sarks appeal and assert the following assignment of error: I. "The trial court erred in awarding summary judgment in favor of plaintiff, Quality Leasing Car and Truck Leasing, Inc. and against defendants due to the fact the evidence when viewed in the light most favorable to defendants reveals genuine issues of material fact to be determined by a jury, not the court."

II.

{¶8}    The Sarks claim that the trial court erred in granting Quality Leasing's motion for summary judgment.

{¶9}    "Because this case was decided upon summary judgment, we review this matter de novo, governed by the standard set forth in Civ.R. 56." *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Summary judgment is appropriate only when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C). *Accord Bostic v. Connor*,

37 Ohio St.3d 144, 146, 524 N.E.2d 881 (1988); *Grimes v. Grimes*, 4th Dist. No. 08CA35, 2009-Ohio-3126, ¶ 14.  In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. *Doe v. First United Methodist Church*, 68 Ohio St.3d 531, 535, 629 N.E.2d 402 (1994).

{¶10}  The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment.  *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996).  However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial."  Civ.R. 56(E).  *Accord Grimes* at ¶ 15.

{¶11}  "In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail."  *Grimes* at ¶ 16. "Accordingly, we afford no deference to the trial court's decision in answering that legal question."  *Morehead v. Conley*, 75 Ohio App.3d 409, 412, 599 N.E.2d 786 (4th Dist.1991).  *Accord Grimes* at ¶ 16.

{¶12}  The trial court found that summary judgment was proper under R.C. 1336.04(A)(2)(a).  That statute provides as follows:

> A transfer made or an obligation incurred by a debtor
> is fraudulent as to a creditor, whether the claim of the
> creditor arose before or after the transfer was made

or the obligation was incurred, if the debtor made the

transfer or incurred the obligation * * * [w]ithout

receiving a reasonably equivalent value in exchange

for the transfer or obligation, and * * * [t]he debtor was

engaged or was about to engage in a business or a

transaction for which the remaining assets of the

debtor were unreasonably small in relation to the

business or transaction * * *.

**{¶13}** The trial court found "that [Michael Senior and Paula] made a transfer without the exchange of reasonably equivalent value and that the debtor was engaged or was about to engage in a business where [sic] a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction." Feb. 10, 2012 Decision and Judgment Entry at 2.

**{¶14}** The Sarks do not challenge these findings by the trial court. Instead, the Sarks argue that summary judgment was not proper because there is a genuine issue of material fact regarding whether they intended to defraud Quality Leasing. The Sarks' argument fails because intent is not relevant to an analysis under R.C. 1336.04(A)(2)(a). A creditor does not need to show that a transfer was made with intent to defraud in order to prevail under R.C. 1336.04(A)(2)(a). *See Blood v. Nofzinger*, 162 Ohio App.3d 545, 2005-Ohio-3859, 834 N.E.2d 358, ¶ 52 (6th Dist.); *Ford v. Star Bank, N.A.*, 4th Dist. No. 97CA39, 1998 WL 553003, *4 (Aug. 27, 1998). Thus, the Sarks

cannot defeat summary judgment by showing that they did not act with fraudulent intent when Michael Senior and Paula transferred the Property to Michael Junior.

**{¶15}** The Sarks also claim that summary judgment was improper because there is an issue of fact regarding whether Michael Senior and Paula are actually Quality Leasing's debtors. Micheal Senior apparently returned the equipment that secured the debts owed to Quality Leasing. According to the Sarks, Quality Leasing's appraisals of the equipment showed that the value of the equipment would be enough to satisfy the debts.

**{¶16}** The Sarks' argument, however, does not address the fact that they are clearly judgment debtors to Quality Leasing and that the judgment has not been satisfied. In March 2009, Quality Leasing obtained a judgment from the Scioto County Court of Common Pleas for the debts Michael Senior and Paula owed to Quality Leasing. The Sarks have not challenged the validity of the judgment against them nor have they shown that the judgment has been satisfied. Thus, there is no genuine issue of material fact regarding whether Paula and Michael Senior are debtors to Quality Leasing.

**{¶17}** In conclusion, there is no genuine issue as to any material fact. Quality Leasing is entitled to judgment as a matter of law. And reasonable minds can come to only one conclusion, and that conclusion is adverse to the Sarks.

**{¶18}** Accordingly, we overrule the Sarks' assignment of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED.  Appellants shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J.:    Concurs in Judgment & Opinion.
Harsha, J.:   Concurs in Judgment Only.

For the Court

BY:_____
        Roger L. Kline, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**