DECISION AND JUDGMENT ENTRY
James Hill ("Decedent") died testate in June 1997. Rowena Hill, a beneficiary under Decedent's will, objected to the final accounting filed by Paul Broomhall, the executor and another beneficiary under the will. The Scioto County Court of Common Pleas, Probate Division, granted summary judgment on the objections in favor of Broomhall. On appeal, Hill asserts that the trial court erred by concluding that no reasonable person could find that Broonhall did not possess a fiduciary relationship with, or exert undue influence over, the Decedent when the Decedent opened several joint and survivorship bank accounts. We disagree for two reasons. First, construing the evidence and all reasonable inferences therefrom in Hill's favor, no reasonable person could conclude that the fiduciary relationship arose prior to the bank accounts. Second, Hill did not present any evidence of undue influence. Accordingly, we overrule Hill's assignments of error and affirm the judgment of the trial court.
 I.
The Decedent's wife, Doris Hill, and Broomhall's wife, Bessie Broomhall, were sisters. The Decedent and his wife had a close friendship with the Broomhalls; they saw each other approximately five times per week for dinner, church activities, and household chores. Doris Hill passed away in December 1994, but the Decedent's relationship with the Broomhalls continued.
Between January and November 1995, Broomhall accompanied the Decedent to three banks where the Decedent held accounts. The Decedent informed Broomhall that he was removing Doris Hill from his joint and survivorship accounts ("the bank accounts") and putting Broomhall's name in her place. Both the Decedent and Broomhall signed the signature cards for the bank accounts. Employees at each bank averred that they witnessed the Decedent change the accounts, and that the Decedent did so freely, voluntarily, and without undue influence from Broomhall.
The Decedent also hired an attorney to assist him in settling Doris Hill's estate and, in preparing his own will. In his will, the Decedent named Broomhall as his executor and devised half of his estate to the Broomhalls. The Decedent devised the other half of his estate to his brother and his brother's wife, Virgil and Rowena Hill. Broomhall was with the Decedent when he executed his will on November 13, 1995.
The Decedent continued to manage his own affairs, including his bank accounts, in the years that followed. The Decedent's health began to deteriorate in February 1997. On April 22, 1997, the Decedent executed a document granting power of attorney to Broomhall. The Decedent died on June 29, 1997.
Broomhall filed the Decedent's will and the court appointed Broomhall as executor. Broomhall filed an inventory and appraisal valuing the estate at approximately eighty-five thousand dollars. Broomhall did not include the bank accounts in the inventory. The value of those accounts exceeded six-hundred thousand dollars. The court approved a partial distribution, then Broomhall filed a final accounting. Hill filed objections to the final accounting and alleged that Broomhall unduly influenced the Decedent to give Broomhall a joint and suvivorship interest in the bank accounts.
Broomhall filed a motion for summary judgment on the objections. The trial court granted Broomhall's motion, finding that the fiduciary relationship between Broomhall and the Decedent did not arise until over a year after the creation of the final bank account. Hill appeals, asserting the following assignments of error:
 I. The trial court erred in granting summary judgment for executor by concluding that the executor had no prior fiduciary relationship with decedent.
 II. The trial court erred by concluding that the decedent was not unduly influenced by defendant.
 III. The trial court erred in granting summary judgment to defendant where defendant failed to meet the summary judgment standard as set forth in Civil Rule 56.
 II.
Summary judgment is appropriate only when it has been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C). See Bostic v. Connor (1938),37 Ohio St.3d 144, 146; Morehead v. Conley (1991), 75 Ohio App.3d 409,411. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First United Methodist Church
(1994), 68 Ohio St.3d 531, 535.
The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment.Dresher v. Burt (1996), 75 Ohio St.3d 280, 294, citing Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 115. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108,111; Dresher, supra at 294-95.
In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail. Morehead,75 Ohio App.3d at 411-12. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. See, also, Schwartz v. Bank-One, Portsmouth, N.A. (1992),84 Ohio App.3d 806, 809.
 III.
In her first assignment of error, Hill asserts that the trial court erred by concluding that Broomhall did not have a fiduciary relationship with the Decedent when the Decedent made Broomhall the joint and suvivorship beneficiary to the bank accounts. Hill points to the evidence that the Broomhalls had a close relationship with the Decedent, took care of him, and accompanied him to the banks and to his attorney's office. Hill asserts that this evidence, and the reasonable inferences therefrom, when construed in her favor, gives rise to a genuine issue of material fact as to when the fiduciary relationship between the Decedent and Broomhall arose.
A fiduciary relationship is "one in which special confidence and trust is placed in the integrity and fidelity of another, who acquires a resulting position of superiority or influence by virtue of this special trust." Stone v. Davis (1981), 66 Ohio St.2d 74,78, citing Umbaugh Pole Bldg. Co., Inc. v. Scott
(1979), 58 Ohio St.2d 282. A fiduciary relationship generally is formed through a formal document. See Umbaugh Pole Bldg. Co.,Inc. at 286. A fiduciary relationship may be created out of an informal relationship, but only "when both parties understand that a special trust or confidence has been reposed." Id.
However, a mere friendship in which a person renders gratuitous assistance to a friend does not give rise to a confidential or fiduciary relationship. Gray v. Hafer (Ohio Super. 1904), 2 Ohio N.P. (N.S.) 341, 15 Ohio Dec. 256.
In In Re Svab (1966), 8 Ohio App.2d 80, the court found that, though no formal fiduciary relationship existed, a confidential fiduciary relationship arose between an invalid mother and the daughter upon whom she depended. Specifically, the court determined that since the mother could not see well enough to know that she was signing a document to create a joint and suvivorship account with her daughter, and since only the daughter was present to read the documents and show her mother where to sign, a fiduciary relationship existed between the mother and daughter. Svab at 88. In contrast, in In re Case (Apr. 3, 1998), Montgomery App. No. 16747, unreported, the decedent's niece had cared for the decedent in his daily activities such as transportation and groceries, but the decedent was not completely dependant upon his niece. After the decedent's health deteriorated, he executed a power of attorney in her favor. The court determined that the niece did not have a fiduciary relationship with the decedent until the decedent executed the power of attorney.
Here, as in Case, the Decedent was not an invalid. While some evidence in the record suggests that the Decedent was no longer able to care for himself in 1997, the record contains no evidence suggesting that he was not independent in 1995. Rather, the undisputed evidence showed that the Decedent continued to manage his own affairs during the time when he opened the bank accounts.
Thus, upon our independent review of the evidence and all reasonable inferences therefrom, construing all evidence in Hill's favor, we find that reasonable minds could only conclude that the fiduciary relationship between the Decedent and Broomhall arose when the Decedent executed the power of attorney in favor of Broomhall. Accordingly, we overrule Hill's first assignment of error.
 III.
In her second assignment of error, Hill asserts that the trial court erred in concluding that the Decedent was not unduly influenced by Broomhall. Hill contends that the trial court should have presumed that Broomhall unduly influenced the Decedent.
Hill relies upon the general rule that whenever a fiduciary relationship exists between the creator of a joint and survivorship account and a survivorship beneficiary, a presumption of undue influence arises. In re Scott (1996),111 Ohio App.3d 273, 276; Case, supra. However, that presumption only applies to events occurring during the fiduciary relationship.Case. In Case, the decedent had created joint and survivorship bank accounts with his niece both before and after executing a power of attorney in his niece's favor. The Case court determined that the niece was entitled to the accounts that the decedent opened prior to her power of attorney appointment, as her fiduciary relationship with the decedent had not yet begun at that point. However, the court applied a presumption of undue influence to the accounts opened after the decedent executed the power of attorney.
As we found above, the undisputed evidence in this case shows that the fiduciary relationship arose over a year after the Decedent created Broomhall's interest in the bank accounts. Thus, we find that the trial court did not err in refusing to apply a presumption of undue influence.
Additionally, we find that Hill failed to present any evidence of undue influence. Hill merely produced evidence that the Decedent and Broomhall shared a close friendship. Broomhall presented evidence from three neutral third party witnesses that the Decedent did not appear to be under any undue influence when he added Broomhall's name to his accounts. Construing all the evidence and inferences therefrom in the light most favorable to Hill, we find that reasonable minds could not conclude that Broomhall unduly influenced the Decedent.
 IV.
In her final assignment of error, Hill asserts that the trial court erred by failing to construe the evidence and all reasonable inferences in her favor. While we agree that the trial court must, in considering a motion for summary judgment, consider all evidence and reasonable inferences therefrom in the non-moving party's favor, we do not agree that the trial court failed to apply that standard in this case.
In conducting our de novo review of the trial court's findings regarding the fiduciary relationship and undue influence, we construed the evidence and all reasonable inferences therefrom in Hill's favor. We, like the trial court, found that reasonable minds could only find in Broomhall's favor. Therefore, we overrule Hill's final assignment of error.
Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas, Probate Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
ABLE, J. and EVANS, J., Concur in Judgment and Opinion.
 __________________________________ ROGER L. KLINE, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.