DECISION AND JUDGMENT ENTRY
{¶ 1} Roger C. Johnson appeals the Hocking County Court of Common Pleas' grant of summary judgment to Western Credit Union, Incorporated ("Western Credit"). Johnson argues that genuine issues of material fact still exist. Because we find that no Civ.R. 56 materials support the existence of an insurance policy, we disagree. Johnson also argues that he was denied his right to a jury trial. Because we find that the trial court properly granted summary judgment, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} On March 1, 2001, Western Credit filed a complaint against Johnson alleging that he was in default on a promissory note and that he owed Western Credit approximately thirty thousand dollars. Western Credit demanded judgment against Johnson.
 {¶ 3} In his answer, Johnson denied that he was in default and that he owed Western Credit any amount. He asserted the following affirmative defenses because he returned the property that secured the note, a 1999 Chevrolet Blazer: (1) accord and satisfaction; (2) failure of consideration; (3) laches; (4) payment; and (5) release. Johnson moved to dismiss the complaint for failure to state a claim for which relief can be granted, which the trail court overruled.
 {¶ 4} Johnson also filed a supplemental answer in which he stated that Western Credit had been issued an insurance policy that would pay the balance of the note if Johnson was unable to pay. Johnson asserted that the insurance policy satisfied the amount sought in the complaint.
 {¶ 5} In July 2001, Western Credit filed a motion for summary judgment arguing that no genuine issue of material fact existed. Western attached to its motion a copy of the affidavit of Bobbi Powell, which authenticated the copy of a Promissory Note in the amount of $32,291.90 signed by Johnson. Also in her affidavit, Powell swore that Johnson: (1) defaulted on the note in August 2000 by failing to comply with its terms; (2) has failed to pay the full balance due despite requests to do so; and (3) owes $9,812.36 plus 9% interest. Western Credit later filed the original affidavit.
 {¶ 6} In response, Johnson filed a memorandum arguing that Western Credit obtained an insurance policy to cover any deficiency or loss it suffered as a result of Johnson not paying the amount due on the note. Johnson explained that he served Western Credit with a request for production of documents seeking a copy of this insurance policy, but that Western Credit had not produced such a policy.
 {¶ 7} The trial court granted Western Credit's motion for summary judgment because no genuine issue of material fact existed.
 {¶ 8} Johnson timely appeals and asserts that "[I.] the [trial] court erred in granting summary judgment as there are genuine issues of material fact in dispute [* * * and II.] the [trial] court erred by not providing a trial by jury which abridged [Johnson's] right protected by the 7th Amendment to the Constitution."
 II. {¶ 9} In his first assignment of error, Johnson argues that the trial court erred in granting summary judgment because the following genuine issues of material fact exist: (1) did an insurance policy pay the amount remaining due on the note; (2) did Western Credit make all of the required disclosures to Johnson; and (3) did Western Credit violate Regulation Z of the Truth in Lending Act.
 {¶ 10} Summary judgment is appropriate only when it has been established that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(A). See Bostic v. Connor
(1988), 37 Ohio St.3d 144, 146; Morehead v. Conley (1991),75 Ohio App.3d 409, 411. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First United Methodist Church (1994),68 Ohio St.3d 531, 535.
 {¶ 11} The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresherv. Burt (1996), 75 Ohio St.3d 280, 294, citing Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, 115. However, once the movant supports its motion with appropriate evidentiary materials, the nonmoving party "may not rest upon mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 111; Dresher, at 294-95.
 {¶ 12} In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail. Morehead, 75 Ohio App.3d at 411-12. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. See, also, Schwartz v. Bank One,Portsmouth, N.A. (1992), 84 Ohio App.3d 806, 809.
 {¶ 13} We begin our analysis by noting that Johnson did not raise the disclosure and Regulation Z arguments in the trial court's summary judgment proceedings.
 {¶ 14} It is a cardinal rule of appellate review that a party cannot assert new legal theories for the first time on appeal. StoresRealty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43. Therefore, we will not consider issues that an appellant failed to raise initially in the trial court. Lippy v. Society Natl. Bank (1993), 88 Ohio App.3d 33. Because Kline failed to raise these arguments in the trial court, he has waived them and we will not consider them.
 {¶ 15} We next address Johnson's argument that there is a genuine issue of material fact because he does not know whether an insurance policy exists that has paid Western Credit for the balance due on the note.
 {¶ 16} Western attached an authenticated copy of the note to their motion for summary judgment. The note indicates that Johnson did not elect to purchase any disability or life insurance that would have paid the note if he were disabled or if he died. While Johnson requested Western Credit to produce any insurance policy that paid or could pay the balance due on the note, it produced nothing in response. Johnson asserts in his brief that he did not have sufficient time for discovery to determine if such a policy existed; however, he did not seek to compel Western Credit to comply with his discovery request and has never indicated upon what facts he bases his belief that such a policy exists. Johnson was not free to rest upon mere speculation that such a policy may or may not exist, but was required to respond with Civ.R. 56 materials that set forth specific facts supporting his assertion. Civ.R. 56(E);Wing; Dresher.
 {¶ 17} Viewing the Civ.R. 56 materials in the light most favorable to Johnson, we can conclude only that there is no insurance policy. Therefore we must find that there is no issue of fact and that the trial court did not err in granting summary judgment. Accordingly we overrule Johnson's first assignment of error.
 III. {¶ 18} In his second assignment of error, Johnson argues that his right to a jury trial was violated when the trial court granted summary judgment.
 {¶ 19} A person's constitutional right to a jury trial is not abridged by the proper granting of a motion for summary judgment. Houkv. Ross (1973), 34 Ohio St.2d 77, 83-84; Tschantz v. Ferguson (1994),97 Ohio App.3d 693, 714. Because we find that the trial court properly granted summary judgment to Western Credit, Johnson was not denied his right to a jury trial. Accordingly, we overrule his second assignment of error.
 IV. {¶ 20} In sum, we overrule both of Johnson's assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J. Harsha, J.: Concur in Judgment and Opinion.