DECISION.
{¶ 1} This appeal is taken from judgments of the Hamilton County Court of Common Pleas dismissing various causes of action against defendants-appellees Archdiocese of Cincinnati, Archbishop Daniel Pilarczyk, and Father Lawrence Strittmatter. For the following reasons, we affirm.
 {¶ 2} The appellants in these cases are all former students at Elder High School or Our Lady of Victory Parish and School who allege that Strittmatter sexually abused them at various times between 1961 and 1987, while he was employed as a priest by the Archdiocese of Cincinnati and Archbishop Daniel Pilarczyk (collectively, "the Archdiocese"). Between May 2003 and November 2003, the appellants sued the Archdiocese, asserting causes of action for breach of fiduciary duty, negligence, respondeat superior or ratification, and intentional infliction of emotional distress. Additionally, they asserted causes of action for a civil RICO violation under R.C. 2923.32 and for punitive damages against both the Archdiocese and Strittmatter.
 {¶ 3} Each complaint alleged that the material facts supporting the causes of action had just become known to the appellants within the last two years because of the extensive media coverage of sexual abuse by priests in the Roman Catholic Church. The appellants alleged that the Archdiocese knew of Strittmatter's propensity to sexually molest young boys, but that it attempted to conceal this fact from students and parishioners. The appellants alleged that they had no reason to believe that the Archdiocese had known about Strittmatter's abuse until May 2002, when the Archdiocese admitted that it had been aware that Strittmatter had sexually molested young boys at the school and/or the parish where he had been assigned. In the cases numbered C-040072 and C-040949, the complaints contained the specific allegation that "[appellants'] knowledge of the abuse prior to May 2002 was insufficient to apprise them of the possibility that the Archdiocese or Archbishop had been negligent in failing to protect them, in failing to prevent further harm or in breaching a fiduciary duty to them."
 {¶ 4} The Archdiocese and Strittmatter each moved to dismiss the complaints. The trial court granted their motions, holding that the causes of action asserted in each complaint were time-barred by the applicable statutes of limitation. On appeal, the appellants bring forth three assignments of error. We have consolidated their cases for purposes of argument and decision.
 {¶ 5} In their first assignment of error, the appellants contend that the trial court erred in dismissing their claims under Civ.R. 12(B)(6), when they alleged that their knowledge of the sexual abuse prior to May 2002 was insufficient to apprise them of the possibility that the Archdiocese had been negligent in failing to protect them. The appellants also contend, in their second assignment of error, that the "trial court failed to apply the discovery rule in determining the alerting event for the appellants' claims against the Archdiocese, and failed to recognize that the statute of limitations bar is a fact[-]sensitive determination." Because these assignments are related, we address them together.
 {¶ 6} The parties agree that claims against a church for failing to protect a person from an employee's sexual misconduct are governed by the two-year statute of limitations set forth in R.C. 2305.10.[1] This limitations period does not commence until the person claiming injury reaches the age of majority.[2] It is evident from the record that each complaint in this case was filed more than two years after each appellant had been assaulted and had reached the age of majority.
 {¶ 7} The appellants argue that under the discovery rule cited in Doe v. First United Methodist Church[3] the limitations period for bringing a sexual-abuse claim against the church should not have been triggered until the appellants had "discovered" facts indicating that the Archdiocese may have been negligent in failing to protect them from Strittmatter. This discovery or alerting event, according to the complaints, did not occur until May 2002, when the Archdiocese admitted that it had known that Strittmatter had sexually molested minors while employed as a priest.
 {¶ 8} Under the discovery rule, a cause of action does not accrue until the plaintiff knows, or "by the exercise of reasonable diligence should have known," that the defendant's conduct caused him injury.[4] In Doe, the Ohio Supreme Court discussed the possibility that a plaintiff's lack of knowledge about the culpability of a church or a school could possibly affect the limitations period for claims brought directly against a church or a school. The Doe court commented that the limitations period for sexualabuse claims against a church is not triggered until the plaintiff's knowledge is sufficient "to apprise him of the possibility that the church or the school district had been negligent."[5] Because the plaintiff in Doe did not claim that his knowledge of the sexual abuse was insufficient to apprise him of the possibility that the church or the school district had been negligent in failing to protect him from an abusive priest, the Doe court determined that the limitations period commenced when the plaintiff reached the age of majority, because at that time the plaintiff was aware of the sexual abuse and the identity of the perpetrator.[6]
The appellants argue here that they did allege that knowledge of the sexual abuse was insufficient to put them on notice that the Archdiocese may have been negligent in failing to protect them from its employee.
 {¶ 9} In Cramer v. Archdiocese of Cincinnati,[7] a case factually similar to the one at bar, this court determined that the discovery rule cited in Doe was inapplicable to toll the limitations period for sexual-abuse claims against the church when the plaintiffs' knowledge of the circumstances surrounding their injuries was "sufficient to put [them] on notice that there was a possibility that the Archdiocese had been negligent."[8] We held that because the plaintiffs inCramer had been aware (1) that they had been abused; (2) that the abuser was employed by the Archdiocese; and (3) that the assaults had occurred on church property, they were on notice that the Archdiocese may have been negligent.[9] We further held that, given the knowledge of the circumstances of the abuse, the plaintiffs had "at the very least a duty to investigate the possibility that the Archdiocese was negligent," despite the allegation that the Roman Catholic Church had pursued "a policy of secrecy" with respect to the abuse.[10]
 {¶ 10} Like the plaintiffs in Cramer, the appellants here argue that mere knowledge of the sexual abuse by Strittmatter was not enough to apprise them of the possibility that the church had been negligent. But, also similar to Cramer, the appellants had known that they had been abused; had known that Strittmatter was employed by the Archdiocese; and had known that some, but not all, of the assaults had occurred on church property. These facts alone were sufficient to put the appellants on notice that the Archdiocese may have been negligent in failing to protect them from the sexual misconduct of its employee.[11]
Accordingly, based on the authority of Cramer, we hold that the causes of action against the Archdiocese were time-barred, and that the trial court properly dismissed the negligence-based causes of action. The first and second assignments of error are overruled.
 {¶ 11} In their third assignment of error, the appellants maintain that the trial court erred in dismissing their claim under Ohio's civil RICO statute, R.C. 2923.32, when they had alleged in the complaint that the conduct of Strittmatter and the Archdiocese did not terminate until May 2002, when the Archdiocese admitted to the public that it had been concealing reports of Strittmatter's sexual misconduct.
 {¶ 12} The appellants' complaints alleged that the Archdiocese's concealment of the sexual misconduct of Strittmatter from other victims and parishioners constituted a pattern of corrupt activity that violated R.C. 2923.32. The appellants alleged that the Archdiocese was notified in 1963, 1980, 1981, and 1988 that Strittmatter had engaged in sexual misconduct with a student, but that the Archdiocese had failed to report that abuse, had intimidated victims into maintaining the Roman Catholic Church's policy of secrecy regarding abuse by priests, and had failed to identify other victims. The appellants claimed that the Archdiocese, Strittmatter, the National Council of Catholic Bishops, the United States Conference of Catholic Bishops, officials at Elder High School and Our Lady of Victory School, and various others had conspired to conceal the sexual misconduct of Strittmatter. The trial court dismissed the RICO claim, holding that it was time-barred by the applicable statute of limitations.
 {¶ 13} A person has five years from the date the unlawful conduct (the corrupt activity) terminates or the cause of action accrues to commence a claim under Ohio's civil RICO statute.[12] This court has noted that the limitations period for a RICO claim is triggered "when the plaintiff knew or should have known of the injury underlying his or her cause(s) of action."[13] Additionally, this court is aware that the "United States Supreme Court has rejected a rule that would delay triggering the statute until the plaintiff becomes aware of both the injury and that the injury is part of a larger pattern of injurious conduct."[14]
 {¶ 14} Here, the appellants argue that the injury was not the sexual abuse by Strittmatter but the "actions and/or knowing omissions of Defendants Archdiocese and Pilarczyk [that] facilitated Strittmatter's conduct and/or prevented [appellants] from seeking treatment and caused further harm." We disagree. The sexual abuse was the injury here, and that injury was exacerbated by the Archdiocese's alleged conspiracy of concealment, the larger pattern of injurious conduct. Because the limitations period for a RICO claim is not tolled while the injured person remains unaware that his injury is part of a larger pattern of injurious conduct, the appellants had only five years from the time they had reached the age of majority to assert a RICO claim against the Archdiocese and Strittmatter. At that time, the appellants were aware of the injury, the perpetrator of the injury, and that the abuser was employed by the Archdiocese.
 {¶ 15} Because it is evident from the record that it had been more than five years since the youngest appellant had reached the age of majority, we hold that the trial court properly dismissed the RICO claim as being time-barred. The claim for punitive damages was also properly dismissed, as it was based on the viability of the previously dismissed causes of action. Accordingly, the third assignment of error is overruled.
 {¶ 16} We have a final issue to address. While this appeal was pending, the appellants moved this court to stay our proceedings and to remand this case to the trial court so it could consider a Civ.R. 60(B) motion the appellants had filed when they had obtained new documented evidence that the Archdiocese was pursuing a policy of secrecy regarding Strittmatter and other priests accused of sexual misconduct. That motion is not well taken, and we overrule it. Regardless of the appellants' recently acquired evidence indicating that the Archdiocese had been aware of Strittmatter's sexual misconduct, the appellants' claims were still time-barred by the applicable statutes of limitation.
 {¶ 17} While it is understandable why the appellants did not pursue their claims at the time of the abuse, it is unfortunate, if the appellants' allegations are true, that the Archdiocese and Strittmatter will not be held to account, in a civil action, for their reprehensible conduct.
 {¶ 18} The judgment of the trial court is affirmed.
Judgment affirmed.
Painter and Sundermann, JJ., concur.
[1] See Doe v. First United Methodist Church,68 Ohio St.3d 531, 1994-Ohio-53, 629 N.E.2d 402.
[2] Id. at 537; see R.C. 2305.16.
[3] 68 Ohio St.3d 531, 1994-Ohio-531, 629 N.E.2d 402.
[4] Ault v. Jasko (1994), 70 Ohio St.3d 114, 115-116,1994-Ohio-376, 637 N.E.2d 870.
[5] Doe, supra, at 539, 1994-Ohio-531, 629 N.E.2d 402.
[6] Id.
[7] 158 Ohio App.3d 110, 2004-Ohio-3891, 814 N.E.2d 97, cert denied, 12/15/04 Case Announcements, 2004-Ohio-6585.
[8] Id. at ¶ 16.
[9] Id.
[10] Id. at ¶ 17.
[11] See id. at ¶¶ 17 and 20.
[12] R.C. 2923.34(K); Tri-State Computer v. Burt, 1st Dist. No. C-020345, 2003-Ohio-3197, at ¶ 14.
[13] Id. at ¶ 14.
[14] Id., citing Rotella v. Wood (2000), 528 U.S. 549,120 S.Ct. 1075.