JOURNAL ENTRY AND OPINION
{¶ 1} In this consolidated appeal, plaintiffs-appellants, John Doe, Richard Roe, Michael Moe, Mary Moe, and Regina Scolaro (collectively "appellants") are all alleged victims of sexual abuse by priests employed by defendants-appellees, the Catholic Diocese of Cleveland ("Diocese") and Diocese-operated churches and schools. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2002, John Doe, Richard Roe, and Michael Moe brought a negligence action against the Diocese and Parmadale alleging that the Diocese and Parmadale were negligent in protecting them from alleged acts of sexual abuse by Father Joseph Seminatore. In 2005, the trial court granted the Diocese and Parmadale's Civ.R. 12(B)(6) motion to dismiss because, pursuant to this court's holding in Jane B. Doe v. Catholic Diocese of Cleveland,158 Ohio App.3d 49, 2004-Ohio-3470, appeal not allowed,104 Ohio St.3d 1441, 2004-Ohio-7033, the action was time-barred by the two-year statute of limitations for negligence actions.
 {¶ 3} In 2002, Mary Moe and Regina Scolaro initially filed their negligence action against the Diocese and St. Patrick's Church, alleging that the Diocese and St. Patrick's Church were negligent in protecting them from alleged acts of sexual abuse by Father Donald Rooney. In 2005, the trial court granted the motion for summary judgment filed by the Diocese and St. Patrick's Church, finding that their cause of action was barred by the two-year statute of limitations, citing this court's holding inJane B. Doe, supra.
 {¶ 4} Appellants appeal the trial court's decisions, arguing in their sole assignment of error that the trial court erred in finding their claims barred by the two-year statute of limitations. They maintain that the statute of limitations for their claims against the appellees did not commence until they acquired information about the appellees' alleged wrongful conduct. The two cases were consolidated on appeal.
 {¶ 5} The issue before this court is whether appellants' causes of action are barred by the two-year statute of limitations. On appeal, the appellants urge compliance with the "routine application of the `discovery' rule" and request that this court follow the guidance of Doe v. Archdiocese ofCincinnati, Shelby App. No. 170-4-10, 2005-Ohio-960. However, the Ohio Supreme Court recently overruled this decision in Doev. Archdiocese of Cincinnati, 109 Ohio St.3d 491,2006-Ohio-2625, 849 N.E.2d 268, holding that:
"A minor who is the victim of sexual abuse has two years fromthe date he or she reaches the age of majority to assert anyclaims against the employer of the perpetrator arising from thesexual abuse when at the time of the abuse, the victim knows theidentity of the perpetrator, the employer of the perpetrator, andthat a battery has occurred. ( Doe v. First United MethodistChurch, 68 Ohio St.3d 531, 1994-Ohio-531, 629 N.E.2d 402,paragraph two of the syllabus, followed.)" Id. at syllabus.
 {¶ 6} Therefore, as long as the alleged victims knew at the time of the abuse the identity of the perpetrator, the employer of the perpetrator, and that a battery occurred, any cause of action against the employer arising from the alleged sexual abuse will be barred by the two-year statute of limitations under R.C.2305.10.
 John Doe, Richard Roe, and Michael Moe {¶ 7} Regarding these appellants, the trial court granted the motion to dismiss filed by the Diocese and Parmadale under Civ.R. 12(B)(6) because the claims were barred by the two-year statute of limitations.
 {¶ 8} In order to prevail on a Civ.R. 12(B)(6) motion, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recover. A court is confined to the averments set forth in the complaint and cannot consider outside evidentiary materials. Greeley v. Miami ValleyMaintenance Contrs. Inc. (1990), 49 Ohio St.3d 228,551 N.E.2d 981; Wickliffe Country Place v. Kovacs, 146 Ohio App.3d 293,2001-Ohio-4302, 765 N.E.2d 975. Moreover, a court must presume that all factual allegations set forth in the complaint are true and must make all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,532 N.E.2d 753; Kennedy v. Heckard, Cuyahoga App. No. 80234, 2002-Ohio-6805.
 {¶ 9} In their complaint, appellants allege that during the "mid-1980's" Father Joseph Seminatore fondled, molested, or inappropriately touched them at Parmadale, which they aver is a school and residence facility operated by the Catholic Diocese of Cleveland. They further stated that "at all relevant times, Father Seminatore was a priest employed by the defendants at Parmadale." Therefore, pursuant to the complaint, Father Seminatore was employed by both Parmadale and the Diocese.
 {¶ 10} It is undisputed that appellants knew at the time of the abuse the identity of the perpetrator and that a battery occurred. However, they claim that the complaint is silent as to when they learned that Father Seminatore was employed by Parmadale and/or the Diocese.
 {¶ 11} Appellants argue semantics in an effort to distinguish the instant case from the holding in Archdiocese of Cincinnati.
We recognize that Archdiocese of Cincinnati is silent as to the specificity a party must allege regarding whether appellants knew the perpetrator's employer at the time of the alleged abuse. Nevertheless, we find that the Supreme Court did not intend for such a literal application that the plaintiffs know "at the time of the abuse" who employed the alleged perpetrator. To hold otherwise would require the victim to speculate whether, as a minor, he or she knew the employer of the perpetrator.
 {¶ 12} In Archdiocese of Cincinnati, the court focused on the following allegations set forth in Doe's complaint:
"`In April 2002, Plaintiff first learned that there were othervictims of Hopp. Until that time, Plaintiff had no reason tobelieve that Defendants Archdiocese and Pilarczyk had ever knownabout Hopp's abuse. Until April 2002, Plaintiff's knowledge ofthe abuse was insufficient to apprise him of the possibility thatDefendants Archdiocese and Pilarczyk were negligent in failing toprotect him, in failing to prevent further harm or in breaching afiduciary duty to Plaintiff by failing to identify and assisthim.'"
 Archdiocese of Cincinnati, supra, at _18.
 {¶ 13} In finding Doe v. First United Methodist Church,28 Ohio St.3d 531, 1994-Ohio-531, 629 N.E.2d 402, indistinguishable from the case, the Supreme Court in Archdiocese of Cincinnati
stated:
"In this case, the alleged abuse took place in or before 1983.Doe reached the age of majority in 1986. Doe concedes in hiscomplaint that at all times since the alleged abuse, he knew theidentity of the alleged perpetrator, knew that the allegedperpetrator was a priest of the Archdiocese of Cincinnati, andknew that a battery had occurred. Although Doe alleged that hehad insufficient knowledge of his claims until 2002, when hefirst learned that there might be other victims of Father Hopp,the identity of other victims is irrelevant to Doe's claimsbecause his claims are not dependent on other victims. At thetime of the alleged abuse, Doe knew the identity of theperpetrator, knew the employer of the perpetrator, and was fullyaware of the fact that a battery had occurred. Therefore, as inFirst Methodist Church, the statute of limitations began torun when Doe attained the age of majority."
Id. at _20.
 {¶ 14} Furthermore, in concluding that the discovery rule did not apply, the court held:
"In this case, the plaintiff alleges that he was abused fromapproximately 1980 through 1983, during which time he knew thatthe alleged perpetrator was a Catholic priest, and he knew thatthe alleged perpetrator was employed by the Archdiocese. Yet hecontends that the statute of limitations should not havecommenced until he learned in April 2002 of Hopp's other allegedvictims. Through the exercise of reasonable diligence, Doe knewor should have known of the possible claims against theArchbishop and Archdiocese at the time he attained the age ofmajority. Therefore, Doe's tort claims against the Archbishop andthe Archdiocese are barred by the applicable two-year statute oflimitations."
Id. at _34.
 {¶ 15} We find that such a literal reading of the court's holding as appellants argue was not the court's intention. This interpretation is further supported by cases decided by the Supreme Court after its Archdiocese of Cincinnati decision which have not focused on the literal interpretation that appellants now argue should be applied.
 {¶ 16} In Doe No. 1 v. Archdiocese of Cincinnati, Hamilton App. Nos. C-030900, C-030949, C-030950, C-040072, 2004-Ohio-7003, affirmed by 110 Ohio St.3d 157, 2006-Ohio-4087, the First District reaffirmed its holding in Cramer v. Archdiocese ofCincinnati, 158 Ohio App.3d 110, 2004-Ohio-3891, 814 N.E.2d 97, as follows:
"We held that because the plaintiffs in Cramer had beenaware (1) that they had been abused; (2) that the abuser wasemployed by the Archdiocese; and (3) that the assaults hadoccurred on church property, they were on notice that theArchdiocese may have been negligent. We further held that, giventhe knowledge of the circumstances of the abuse, the plaintiffshad `at the very least a duty to investigate the possibility thatthe Archdiocese was negligent,' despite the allegation that theRoman Catholic Church had pursued `a policy of secrecy' withrespect to the abuse."
 {¶ 17} The allegations set forth in the complaint in Doe No.1 are substantially similar to those in the instant case. Both alleged that the plaintiffs were sexually abused by Catholic priests when they were students attending a Catholic school. Both complaints alleged that the material facts supporting their causes of action had just become known to them and that they had no reason to believe that the Archdiocese/Diocese knew of any past allegations of abuse by the priest. Both complaints alleged that their knowledge of the abuse prior to 2002 was insufficient to apprise them of the possibility that the Archdiocese/Diocese was negligent in failing to prevent further harm.
 {¶ 18} Again, in Miller v. Archdiocese of Cincinnati (Dec. 29, 2004), Hamilton County, Nos. C-040233, C-040347, C-040170, C-040171, and C-040050 affirmed by, 110 Ohio St.3d 158,2006-Ohio-4088, 852 N.E.2d 157, the First District relied on its holdings in Doe No. 1 and Cramer, supra, and found that the plaintiffs' claims were time-barred by the applicable statutes of limitation. The Supreme Court affirmed this decision based onArchdiocese of Cincinnati, supra.
 {¶ 19} Appellants also argue that their allegations in paragraph seven of their complaint survive a Civ.R. 12(B)(6) dismissal because they alleged that "prior to the spring of [2002, they] never knew, and never discovered anything that would lead them to believe, that they had any legal claim against either defendant or against anyone other than Father Seminatore himself." Appellants argue that this includes the identity of Father Seminatore's employer, despite their allegation in paragraph five that "at all relevant times, Father Joseph Seminatore was a priest employed by the defendants at Parmadale."
 {¶ 20} However, we do not read this blanket allegation so broadly. Paragraph seven is an introductory statement to the following paragraphs averring that they did not know they could pursue a negligence action against Parmadale or the Diocese until other allegations of abuse were publicized. Again, appellants' claims are independent and are not dependent on other victims.Archdiocese of Cincinnati, supra at _20. Moreover, the allegations in the complaint do not focus on discovering Father Seminatore's employer, but rather focus on discovering that the Diocese and Parmadale may have been negligent. The employer of Father Seminatore has never been concealed from the appellants.
 {¶ 21} Resolving all reasonable inferences in favor of appellants, we conclude that the appellants knew at the time of abuse that Father Seminatore was a Catholic priest assigned to Parmadale. By knowing that he is a Catholic priest, appellants were obligated to determine, as with any employer whose employee has injured a third party, "whether the church shouldered some responsibility for the misconduct of its priest." Archdiocese ofCincinnati, supra at _31, citing Mark K. v. Roman CatholicArchbishop of Los Angeles (1998), 67 Cal.App.4th 603, 612, 79
Cal.Rptr.2d 73. The facts known to appellants, alone, were sufficient to put the appellants on notice that a cause of action existed against the Diocese and/or Parmadale because the abuse occurred at Parmadale. See Paragraph 6 of the Complaint.
 {¶ 22} Therefore, we conclude that appellants knew at the time of the abuse the identity of the perpetrator, the employer of the perpetrator, and knew that abuse had occurred. Accordingly, appellants had two years from the date they reached the age of majority to file their action against Parmadale and the Diocese. It is undisputed that the complaint was filed beyond the two-year period after appellants reached age 18. Appellants' counsel conceded at oral argument that they were beyond the age of the majority when they filed their complaint and the abuse occurred when they were teenagers.
 {¶ 23} Therefore, even making all reasonable inferences in favor of appellants, we find that their claims against the Diocese and Parmadale are barred by the two-year statute of limitations. See, Archdiocese, supra. The trial court did not err in granting the motion to dismiss.
 Mary Moe and Regina Scolaro {¶ 24} Regarding Mary Moe and Regina Scolaro, the trial court granted the motion for summary judgment filed by the Diocese and St. Patrick's Church because the claims were barred by the two-year statute of limitations.
 {¶ 25} Appellate review of summary judgment is de novo.Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241; Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581, 585, 706 N.E.2d 860. The Ohio Supreme Court set forth the appropriate test in Zivich v.Mentor Soccer Club, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389,696 N.E.2d 201, as follows:
"Pursuant to Civ.R. 56, summary judgment is appropriate when(1) there is no genuine issue of material fact, (2) the movingparty is entitled to judgment as a matter of law, and (3)reasonable minds can come to but one conclusion and thatconclusion is adverse to the nonmoving party, said party beingentitled to have the evidence construed most strongly in hisfavor. Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679,1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus.The party moving for summary judgment bears the burden of showingthat there is no genuine issue of material fact and that it isentitled to judgment as a matter of law. Dresher v. Burt,75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264."
 {¶ 26} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385,1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg,65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.
 {¶ 27} At the time she filed her complaint, Mary Moe was 32 years old. She alleged that, in the fall of 1983, Father Donald Rooney molested her at St. Patrick's rectory. She further alleged that Father Rooney was employed by or operating under the authority and control of the Catholic Diocese of Cleveland and St. Patrick's Church, which is a parish church and school operating under the authority and control of the Diocese. At all relevant times, she was a student at the school and a member of the parish church operated by both St. Patrick's Church and the Diocese. No allegation of repressed memory was made. In fact, Moe stated at her deposition that she never forgot the alleged abuse.
 {¶ 28} Scolaro was born in 1971 and alleged that she was abused by Father Rooney during a seventh-grade retreat at St. Patrick's Church. She testified that she was in the seventh grade during the 1984-85 academic year. She alleged that Father Rooney was employed by the Catholic Diocese of Cleveland and St. Patrick's Church. At all relevant times, she was a student in the school and a member of the parish church operated by St. Patrick's Church and the Diocese. She also testified that she had never forgotten the abuse.
 {¶ 29} Moe and Scolaro argue that genuine issues of material fact exist because at the time of the abuse they did not know the identity of Father Rooney's employer, who owned the property where they were allegedly abused, and they were not aware of the relationship between the Diocese and St. Patrick's Church, or the relationship of Father Rooney to the Diocese. They allege that they were unaware of this information prior to April 2002. The only thing they admit they knew was that Father Rooney was a priest at St. Patrick's Church.
 {¶ 30} After reviewing the record, we find Moe's and Scolaro's allegations to be unsubstantiated. Moe and Scolaro attended St. Patrick's Church and school and each knew that the alleged abuse occurred at St. Patrick's. Moe testified that she was abused in Father Rooney's office in St. Patrick's rectory and Scolaro testified that she was allegedly abused at St. Patrick's school. Both testified that they had never forgotten the incident. They each testified that they understood their alleged abuser to be a priest who worked at St. Patrick's Church. Furthermore, both testified that they understood the hierarchy within the church.
 {¶ 31} Although Moe testified that, at the time of the abuse, she likely did not know that the Church was responsible for the actions of the pastor or associate pastor, she understood that priests were employees of the church. Furthermore, at the time of the abuse, she told her parents, and they confronted Father Rooney. She testified that her parents requested that Rooney be removed from St. Patrick's Church. When she attended St. Augustine Academy, she and other girls sought to have Father Rooney removed. This further demonstrates her understanding of church hierarchy.
 {¶ 32} Scolaro testified that she told her sister on the night of the alleged abuse what had occurred. In 1993, nine years prior to the lawsuit, she had discussed the incident with a boyfriend. She was 22 years of age at the time.
 {¶ 33} Based on the allegations and facts set forth in her complaint and the evidence in the record, we find no genuine issues of material fact which would preclude granting summary judgment in favor of the Diocese and St. Patrick's Church.
 {¶ 34} We find that both Moe and Scolaro knew at the time of the alleged abuse that they had been abused, knew the identity of the perpetrator, and knew of a relationship between the alleged abuser, the Diocese, and St. Patrick's Church. This relationship, at the very least, prompted a duty to investigate the possibility that the Diocese was negligent. See, Cramer, supra. Accordingly, the statute of limitations commenced when Moe and Scolaro attained the age of the majority.
 {¶ 35} Moe was eighteen years of age in 1988; thus, she had until 1990 to file an action against the defendants, St. Patrick's Church, and the Diocese. Scolaro was born in 1971 and the alleged abuse occurred in 1984-1985. Therefore, she had until 1991 to file her action. Because neither victim filed her complaint until 2002, their claims are barred by the two-year statute of limitations pursuant to R.C. 2305.10. See,Archdiocese of Cincinnati, supra.
 {¶ 36} Therefore, we find that the trial court did not err in granting the motion for summary judgment filed by the Diocese and St. Patrick's Church because the claims were time-barred.
 Conclusion {¶ 37} Therefore, because all appellants knew at the time of the alleged abuse the identity of their perpetrators, knew the employer(s) of their perpetrators, and knew that a battery had occurred, they had two years from the date they reached the age of majority to file their claims against the employers of the perpetrators. Because they filed their claims after the two-year statute of limitations expired, their claims against the Diocese and the individual churches and schools are barred. Archdioceseof Cincinnati, supra. Accordingly, the assignment of error raised by appellants is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellants the costs herein taxed. The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Rocco, J. concur.