JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, John B. Doe ("appellant"), appeals from a judgment dismissing his complaint against defendant-appellee, Catholic Diocese of Cleveland ("Diocese"). Finding no merit to the appeal, we affirm.
 {¶ 2} In February 2006, appellant filed a complaint against the Diocese and St. Patrick's Church, alleging that Father Donald Rooney had sexually abused him on multiple occasions between 1985 and 1989, and that defendants were negligent in failing to protect him from the alleged abuse. Appellant further alleged that he did not learn that he may have a cause of action against defendants until 2003 when he discovered that Father Rooney had allegedly abused other victims and that the Diocese knew about it as early as 1985.
 {¶ 3} In March 2006, by stipulated motion, the parties agreed to stay the proceedings pending either a decision by the Ohio Supreme Court inDoe v. Archdiocese of Cincinnati, Case Nos. 2005-0702 and 2005-0734, or a decision by this court in Doe and Moe v. Catholic Diocese ofCleveland, Case Nos. 86419 and 86459 (we stayed the case pending a decision by the Ohio Supreme Court in Archdiocese of Cincinnati because of the similarity of the statute of limitations issues).
 {¶ 4} In the stipulated motion staying the proceedings, the parties stated the grounds for the stay as: "(1) the statute of limitations issue that is pending before the Supreme Court of Ohio in theArchdiocese Case is similar to the *Page 4 
statute of limitations issue in this case and (2) the statute of limitations issue that is pending before the Eighth District Court of Appeals in the [Doe and Moe] Case is identical to the statute of limitations issue in this case."
 {¶ 5} In May 2006, the Ohio Supreme Court released its decision inDoe v. Archdiocese of Cincinnati, 109 Ohio St.3d 491, 2006-Ohio-2625. The Supreme Court held:
 {¶ 6} "A minor who is the victim of sexual abuse has two years from the date he or she reaches the age of majority to assert any claims against the employer of the perpetrator arising from the sexual abuse when at the time of the abuse, [1] the victim knows the identity of the perpetrator, [2] the employer of the perpetrator, and [3] that a battery has occurred." Id. at the syllabus.
 {¶ 7} In October 2006, this court released a decision in Doe and Moev. Catholic Diocese of Cleveland, 8th Dist. Nos. 86419 and 86459,2006-Ohio-5233. Relying on Archdiocese of Cincinnati, we held that the statute of limitations barred the actions (discussed infra).
 {¶ 8} In December 2006, appellant amended his complaint. Appellant added allegations that he did not know that the Diocese employed or had authority and control over Father Rooney, or that the Diocese had authority and control over St. Patrick's until sometime after March 2002.[1] Appellant argues that these "additional allegations were specifically intended to demonstrate that, *Page 5 
under the holding of [Archdiocese of Cincinnati], Appellant's statute of limitations against the Diocese did not begin until some time after March of 2002, because Appellant did not have knowledge of one of the three required elements that were recited by the Ohio Supreme Court in [Archdiocese of Cincinnati]."
 {¶ 9} In September 2007, the trial court granted the Diocese's motion to dismiss the case based upon the authority of Archdiocese ofCincinnati and Doe and Moe. It is from this judgment that appellant appeals, raising a sole assignment of error for review:
 {¶ 10} "The trial court erred in granting the Motion of Defendant Catholic Diocese of Cleveland to Dismiss Amended Complaint."
 {¶ 11} In order to prevail on a Civ. R. 12(B)(6) motion, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recover. A court is confined to the averments set forth in the complaint and cannot consider outside evidentiary materials. Greeley v. Miami Valley Maintenance Contrs. Inc. (1990),49 Ohio St.3d 228; Wickliffe Country Place v. Kovacs (2001),146 Ohio App.3d 293. Moreover, a court must presume that all factual allegations set forth in the complaint are true and must make all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk *Page 6 Co. (1988), 40 Ohio St.3d 190; Kennedy v. Heckard, 8th Dist. No. 80234, 2002-Ohio-6805.
 {¶ 12} Essentially, appellant contends that because he did not know that the Diocese was Father Rooney's employer until March 2002, the statute of limitations did not begin to run until then. He argues that this alleged fact distinguishes his case from Archdiocese ofCincinnati and Doe and Moe. For the following reasons, we disagree.
 {¶ 13} Doe and Moe were consolidated appeals. Id. at ¶ 1. In the first case, John Doe, Richard Roe, and Michael Moe brought a negligence action against the Diocese and Parmadale alleging that it was negligent in protecting them from alleged acts of sexual abuse by Father Seminatore. In the second case, Mary Moe and Regina Scolaro filed a negligence action against the Diocese and St. Patrick's Church alleging that they were negligent in protecting them from alleged sexual abuse by Father Donald Rooney.[2] In both cases, the trial courts
 {¶ 14} dismissed the actions because they found that the claims were barred by the two-year statute of limitations.
 {¶ 15} On appeal, the appellants in the first case (John Doe, Richard Roe, and Michael Moe) argued that the trial court erred in finding their claims were barred by the two-year statute of limitations because their claims "against *Page 7 
appellees did not commence until they acquired information about the appellees' alleged wrongful conduct." Id. at ¶ 5. It was undisputed in this case, that "appellants knew at the time of the abuse the identity of the perpetrator and that a battery occurred." We noted, however, that "the complaint [was] silent as to when they learned that [the priest] was employed by [the church] or the Diocese." Id. at _10. With regard to this, we explained:
 {¶ 16} "Appellants argue semantics in an effort to distinguish the instant case from the holding in Archdiocese of Cincinnati. We recognize that Archdiocese of Cincinnati is silent as to the specificity a party must allege regarding whether appellants knew the perpetrator's employer at the time of the alleged abuse. Nevertheless, we find that the Supreme Court did not intend for such a literal application that the plaintiffs know `at the time of the abuse' who employed the alleged perpetrator. To hold otherwise would require the victim to speculate whether, as a minor, he or she knew the employer of the perpetrator." Id. at _11.
 {¶ 17} This court concluded with regard to John Doe, Richard Roe, and Michael Moe:
 {¶ 18} "Resolving all reasonable inferences in favor of appellants, we conclude that the appellants knew at the time of abuse that Father Seminatore was a Catholic priest assigned to Parmadale. By knowing that he is a Catholic priest, appellants were obligated to determine, as with any employer whose *Page 8 
employee has injured a third party, `whether the church shouldered some responsibility for the misconduct of its priest.' Archdiocese ofCincinnati, supra at ¶ 31, citing Mark K. v. Roman Catholic Archbishopof Los Angeles (1998), 67 Cal.App.4th 603, 612. The facts known to appellants, alone, were sufficient to put the appellants on notice that a cause of action existed against the Diocese and/or Parmadale because the abuse occurred at Parmadale." Doe and Moe at ¶ 21.
 {¶ 19} In the second case, Mary Moe and Regina Scolaro argued that "genuine issues of material fact exist[ed] because at the time of the abuse they did not know the identity of Father Rooney's employer, who owned the property where they were allegedly abused, and they were not aware of the relationship between the Diocese and St. Patrick's Church, or the relationship of Father Rooney to the Diocese. They allege[d] that they were unaware of this information prior to April 2002. The only thing they admit[ted] they knew was that Father Rooney was a priest at St. Patrick's Church." Id. at _29.
 {¶ 20} We found Mary Moe's and Regina Scolaro's allegations to be unsubstantiated. Id. at _30. We noted that they attended St. Patrick's church and school and each knew that the alleged abuse occurred at St. Patrick's. Thus, we concluded that they "knew at the time of the alleged abuse that they had been abused, knew the identity of the perpetrator, and knew of a relationship between the alleged abuser, the Diocese, and St. Patrick's Church. This *Page 9 
relationship, at the very least, prompted a duty to investigate the possibility that the Diocese was negligent." Id. at ¶ 35. Because all of the appellants had filed their claims after the two-year statute of limitations had expired, their claims against the Diocese and the individual churches were barred. Id.
 {¶ 21} In the case sub judice, we find that appellant's additional allegation, that he did not know that the Diocese employed Father Rooney or had control over Father Rooney, does not distinguish his case fromArchdiocese of Cincinnati or Doe and Moe. In fact, appellant conceded in the stipulated motion that the statute of limitations issue in the Mary Moe case was identical to the statute of limitations issue in his case. Adding an allegation, that he did not know the Diocese employed Father Rooney, does not change his statute of limitations.
 {¶ 22} As we held in Doe and Moe, appellant attended St. Patrick's school, knew that his alleged perpetrator was Father Rooney, and knew that Father Rooney was a Catholic Priest assigned to St. Patrick's. These facts were never concealed from appellant. Thus, appellant had a duty to investigate whether the church shouldered any responsibility for his alleged abuse and to investigate who had the authority over the church, just as any third party injured by an employee of an employer must determine. Moe and Doe at _21, 34.
 {¶ 23} Accordingly, we find that the trial court did not err when it dismissed appellant's case against the Diocese. Appellant's sole assignment of error is overruled. *Page 10 
 {¶ 24} The judgment of the Cuyahoga County Court of Common Pleas is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] Later, appellant voluntarily dismissed St. Patrick's from the case.
[2] The appellant in the present appeal (John Doe) went to school at St. Patrick's with Mary Moe and Regina Scolaro. All three were allegedly abused by the same priest, Father Rooney, during overlapping time periods. *Page 1